SOUTH FLORIDA RAILROAD CO., APPELLANT, VS. M. L. PRICE, APPELLEE.

MASTER AND SERVANT—MASTER'S LIABILITY TO SERVANT FOR NEGLIGENCE OF FELLOW-SERVANT—CORPORATE LIABILITY F'R NEGLIGENCE OF SURGEON ATTENDING INJURED EMPLOYE.

1. The engineer, fireman and brakeman of the same freight train are fellow-servants ; and, prior to the passage of Chapter 3744, Laws, approved June 7th, 1887, the employer company was not liable in damages to one of such fellow-servants for injuries sustained in the line of his employment in consequence of the negligence of the engineer in putting his unskilled or careless fireman to the performance of his duty in temporarily handling the engine. Parrish vs. Pensacola & A. R. R. Co., 28 Fla., 251, 9 South. Rep., 696; South Florida R. R. Co. vs. Weiss, 32 Fla., ——, 13 South Rep., ——, cited and approved.

2. Whether it is within the corporate powers of a railroad company, under any circumstances, to oblige itself to the rendition of medical or surgical aid to its sick or injured employes, by assuming it as a duty or otherwise, or to become liable for any negligence of any such surgeon acting in the line of his profession: *Quere?* If it can become so liable: *Held,* That its whole duty in that respect will have been performed when it employs a person of ordinary competence and skill in that profession; and, that having done so, it cannot be held liable for the carelessness or negligence of such surgeon in the performance of his duties as such.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*S. M. Sparkman, Foster & Gunby* for Appellant.

*Alex. St. Clair-Abrams, John C. Jones* for Appellee.

TAYLOR, J. :

The appellee sued the appellant in the Circuit Court of Orange county on the 23d of March 1886, in an ac-

tion for damages for personal injuries sustained while coupling a car on one of the appellant's freight trains.

The declaration alleges, in substance, that on the 4th day of December, 1885, the plaintiff was a brakeman in the employ of the defendant corporation, and that his duty was to do such work in connection with the running of a freight train of defendant as is usually required of brakemen of freight trains upon said road. That upon said day, while engaged in said employment upon said freight train while the same was being shifted at or near a station called Seffner, the plaintiff was ordered by the conductor of said freight train to couple together certain cars that were part of said freight train, said conductor being an officer of said corporation, whose orders the plaintiff was bound to obey. That it was the duty of one J. C. Atkinson, the engineer in charge of the engine attached to said train, to do all hauling and shifting with said engine, but at the time of the said order to couple said cars the said engineer was not attending to his duties as such engineer, but instead had negligently left the said engine in charge of one Horace Dann, the stoker, who was utterly unskilled in the art of running a locomotive engine, but who did then and there negligently and unwarrantably try to perform the duties of said engineer. That the plaintiff, in the capacity of brakeman as aforesaid, and acting under the said order from the conductor, and supposing that the said engineer was at his post of duty, attempted to carry out and obey said order on the proper signal for the engineer to cause said engine to back the said cars up the required distance to connect the said cars he was ordered to couple, whereupon the said stoker, being unskilled as aforesaid, so operated said engine that the car or

cars attached to it were with great speed and violence thrown back against the car, at the end of which plaintiff was standing ready to perform his duty and couple the said cars in conformity to the said order of the conductor, whereby the plaintiff was unable to withdraw from between said cars, but by reason of said cars being thrust back in such unusual and violent manner the right arm of plaintiff was caught between the coupling irons, while the plaintiff was exercising due care, prudence and precaution, and without any fault on the part of the plaintiff, whereby the bones of the plaintiff's right arm were crushed and broken, and the flesh terribly mangled. That thereupon plaintiff was taken to Tampa, a station on said road, where one Weedon, an alleged physician and surgeon, employed by said defendant corporation to render medical and surgical aid to injured employes of said corporation, did in the exercise of his duty as physician and surgeon for said corporation then and there on said 4th of December, 1885, set the said broken arm of plaintiff in such an unskilled and negligent manner that, although the plaintiff did faithfully carry out all of the said alleged physician's orders relating to the care of the said arm, yet the said arm by reason of such negligence and lack of skill in setting was and is, although entirely healed, rendered ill-shaped and forever useless in the performance of any manual labor. Whereupon the plaintiff claims $20,-000 damages.

To this declaration the defendant demurred, which demurrer was overruled. The defendant then plead the general issue; contributory negligence on the plaintiff's part; and that the injury, if any resulted from the negligence of a fellow-servant of the plaintiff, for which the defendant was not liable. The

cause was tried on the 19th of June, 1888, and re-sulted in a verdict in favor of the plaintiff for $2,500, and from the judgment entered thereon the defendant appeals.

The occurrence herein complained of transpired prior to the enactment of Chapter 3744, laws, approved June 7th, 1887, that seems to change the general rule in respect to the liability of the master for injuries sustained by one employe through the negligence of a co-employe. The provisions of that statute, there-fore, in no way affect the case, and the questions in-volved must be determined according to the well-es-tablished general principles of law applicable thereto as they existed prior to the adoption of the statute. In Parrish vs. Pensacola & A. R. R. Co., 28 Fla., 251, 9 South. Rep., 696, where the authorities are cited and discussed at length, it was held that prior to the enact-ment of said Chapter 3744, laws of 1887, a master was not liable or responsible to one servant for personal injuries received in the course of his employment through the negligence of a fellow-servant when en-gaged in a common work or in the same general under-taking; and that the engineer, fireman and brakeman on the same train are fellow-servants engaged in the same common work; and that the employer company, prior to the passage of said statute, was not liable to one of them for personal injuries received in conse-quence of the negligence of the engineer in putting the handling of his engine in the hands of his fireman who was either careless or unskilled in the manage-ment of such machines. The facts of the present case, as disclosed by the allegations of the declaration and by the proofs, put it on all fours with that case; and, therefore, it is fully decisive of the main question in-

volved here. In that case we held that there could be no recovery on the part of the plaintiff upon the case made by the pleadings and proofs. The declaration in this case shows upon its face that the injury upon which the plaintiff founds his claim to a recovery resulted from the negligence of the engineer of the train upon which the plaintiff was brakeman, in putting his fireman or stoker in his place to operate the locomotive. The plaintiff when injured was endeavoring to couple a stationary car to one that was being propelled by the engine temporarily in the hands of the fireman, which coupling, as shown by the evidence of the plaintiff himself, was one of the duties that he was employed to perform as brakeman. There is no allegation or proof that the engineer or fireman were not entirely competent to perform the respective duties that they were severally employed to do by the defendant company. From the proofs it is not entirely clear as to how the plaintiff did receive his injury, but the theory of his case is that the fireman, who had the temporary handling of the engine, came back to the car to be coupled with too much velocity, either through unskillfulness and incompetency in the manipulation of the engine or through carelessness. There is no allegation or proof that the defendant company had anything to do on this occasion with putting an unskilled fireman in the temporary control of the engine; on the contrary, so far as either allegation or proof shows, the defendant had a skilled engineer there for the duty of operating the engine, and that engineer's neglect of duty in putting his fireman to the performance of it in his stead resulted in the injury to the plaintiff. Under these circumstances the plaintiff can not recover upon the principles of law announced in Parrish vs. Pensacola & A. R. R. Co.,

*supra*, and South Florida R. R. Co. vs. Weiss, 32 Fla., ——, 13 South. Rep., ——, and the defendant's demurrer to the declaration should have been sustained. The plaintiff, however, in this case undertakes in his declaration to fasten liability upon the defendant company upon a further charge that a surgeon, who was employed by said company to render medical and surgical aid to injured employes, did, in the exercise of his duty as such physician and surgeon, set the injured arm of plaintiff in such an unskilled and negligent manner as to render it ill-shaped and forever useless to him in the performance of any manual labor. There is no allegation or proof that the physician and surgeon so alleged to have been employed by the defendant company was not competent and skilled in the line of his profession; and, in the absence of such allegation and the proof to sustain it, the defendant is not liable for any negligent exercise by such surgeon of his profession in the treatment of the plaintiff. Even though we should admit it to be within the corporate powers of such a company to obligate itself to the rendition of medical or surgical aid to its sick or injured employes, by assuming it as a duty, or otherwise, or to become liable under any circumstances for any negligence of any such surgeon acting in the line of his profession, still, it seems to be well settled that it will have performed its entire duty in that respect when it employs a person of ordinary competence and skill in that profession; and, that having done so, it can not be held liable for the carelessness or negligence of such surgeon in the performance of his duties as such. Secord vs. St. Paul, M. & M. Ry. Co., 18 Fed. Rep., 221; McDonald vs. Mass. Genl. Hospital, 120 Mass., 432; O'Brien vs. Cunard Steamship Co., 154 Mass., 272; Laubheim vs.

DeKoninglyke Nedelandsche Stoomboot Maatschappy, 107 N. Y., 228. From what has been said it becomes unnecessary to notice the errors as they are specifically assigned.

The judgment of the court below is reversed with directions to sustain the defendant's demurrer to the plaintiff's declaration.