STEARNS & CULVER LUMBER COMPANY, *Plaintiff in Error,* v. RICHARD FOWLER, *Defendant in Error.*

1. One who employs others is liable in damages for injuries to employees caused by the negligence of the employer or of those who sustain to such employees the relation of employer by discharging duties properly belonging only to the employer, where the party injured has not contributed to the injury complained of. Risks resulting from the master's negligence are not assumed by the servant.

2. A master is not bound to indemnify one servant for injuries caused by the negligence of another servant in the same common employment as himself unless the negligent servant was the master's representative.

3. An employer, who exercises proper care in selecting employees and in providing for employees reasonably safe places in which to work and suitable implements to work with and performs other duties due from the employer to the employee is in general not liable for injuries to an employee caused by the negligence of fellow servants engaged in the same service where the employer does not contribute to the injuries.

4. To render an employer liable to those in his employ for injuries caused by the negligence of a fellow servant, it is not necessary that the servant who causes and the one who suffers the injury should be at the time of the injury engaged together in the same particular work, it is sufficient if they are in the employment of the same master, engaged in the same common enterprise, and both are employed to perform duties tending to accomplish the same general purpose, where such duties are not peculiar to the master as such.

5. Where the duty negligently performed does not appear as a matter of law to be a duty devolving upon the master, or the conceded facts relating thereto are not such that an inference of law may be drawn therefrom by the court, the question whether the duty negligently performed did devolve upon the master in the particular case is for the jury to determine from all the facts and circumstances of the employment in evidence under proper instructions from the court.

6. In an action by an employee to recover from the master damages for an injury caused by the negligence of another employee, the burden is upon the plaintiff to show that the negligence causing the injury was done while performing a duty cast upon the defendant master as such.

7. A master assumes the duty towards his servant of exercising reasonable care and diligence to provide the servant with a reasonably safe place at which to work, with reasonably safe machinery, tools and implements to work with, with reasonably safe materials to work upon, and with suitable and competent fellow-servants to work with him; and when the master has properly discharged these duties, then, at common law, the servant assumes all the risks and hazards incident to or attendant upon the exercise of the particular

employment or the performance of the particular work, including those risks and hazards resulting from the possible negligence and carelessness of his fellow-servants and co-employees.

8. At common law, whenever the master delegates to any officer, servant, agent, or employee, high or low, the performance of any of the duties which really devolve upon the master himself, then such officer, servant, agent, or employee stands in the place of the master, as to such delegated duties, and becomes a substitute for the master, a vice-principal, and the master is liable for his acts or his negligence to the same extent as though the master himself had performed the acts or was guilty of the negligence.

9. At common law, where the master himself has performed his duty, he is not liable to any one of his servants for the acts or negligence of any mere fellow-servant or co-employee of such servant, where the fellow-servant or co-employee does not sustain a representative relation to the master.

10. An employer is liable in damages for injuries to employees caused by the negligent performance or non-performance of any duty to the employees devolving upon the employer by virtue of the express or implied requirements of the employment whether such duty is performed or neglected by the employer or one acting for the employer. The particular duties imposed upon the employer with reference to the employees may depend to some extent at least upon the circumstances of the employment.

11. In determining whether a particular agent or servant represents the master the duty required to be performed, rather than the title by which the servant is known or called, is to be considered.

12. In order to recover the plaintiff should make it appear that the negligence causing the injury was in the performance of a duty or an act imposed upon the master as such by law or by the express or implied requirements of the employment. It is immaterial who performed the act if it was one properly devolving upon the employer as such in view of the circumstances of the employment.

13. In this action for damages, for negligent injuries, brought by an employee against the employer, where the question whether the negligence was in the performance of a duty properly devolving upon the employer as such, may be largely one of evidence, the declaration using general language is held not to be so framed as to wholly fail to state a cause of action.

14. Whatever may be the true rule as to the status of a conductor on a train of a railroad system, the conductor or "boss" or "foreman" of a log train belonging to and used solely by a saw mill company only for its own mill purposes, who has no authority to employ or discharge the employee and who is in authority subordinate to others engaged in the same business, is not in law necessarily the representative of the master discharging a duty peculiarly devolving upon the master while signaling the movements of a machine used in loading the log train, so as to give a right of action against the master by an employee who is injured by the moving of the loading machine because of alleged negligence of the conductor or boss in signaling, where no negligence is shown in the performance of duties cast properly upon the master.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error;

*S. K. Gillis,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error recovered a judgment against the Stearns & Culver Lumber Company for personal injuries received by the plaintiff below in the moving of a loading machine on a log train as a result of the negligence of the "foreman or boss who was the agent and employee of the defendant," who is alleged to

have "carelessly, negligently and wrongfully caused said loading machine to be put in motion by then and there having it moved forward" on the track upon the log car on which was the plaintiff, an employee, thereby causing the injury. The declaration alleges and there is evidence that the plaintiff was "under the supervision and control of the said foreman or boss who was the agent and employee of the defendant."

On writ of error the defendant below contends that no recovery should be had because the alleged negligence appears to have been that of a fellow servant and not of the employer defendant.

One who employs others is liable in damages for injuries to employees caused by the negligence of the employer or of those who sustain to such employees the relation of employer by discharging duties properly belonging only to the employer, where the party injured has not contributed to the injury complained of. Risks resulting from the masters negligence are not assumed by the servant. 1 Labatt on Master & Servant, § 2, *et seq.* A master is not bound to indemnify one servant for injuries caused by the negligence of another servant in the same common employment as himself unless the negligent servant was the master's representative. 2 Labatt on Master & Servant, § 470.

An employer, who exercises proper care in selecting employees and in providing for employees reasonably safe places in which to work and suitable implements to work with and performs other duties due from the employer to the employee is in general not liable for injuries to an employee caused by the negligence of fellow servants engaged in the same service where the employer does not contribute to the injuries. This rule was established by the courts, based largely upon public policy for the mutual protection of servants and upon the theory that

by implication of law an employee assumes the risk of injury resulting from the negligence of fellow servants with whom the employee may or may not engage to work at his own volition.   Though the rule when applicable has the force of law, it furnishes no property right or vested interest to any one, and there is no special constitutional provision in this State relating to it.   Like all rules relating to rights and remedies it may in whole or in part be regulated, changed or modified by a duly enacted statute when constitutional guarantees are not violated. The legislature may exercise a wide law-making discretion as to regulating employments and the liabilities and remedies incident thereto, where the classifications adopted for legislative regulation or change are not purely arbitrary and are made with reference to real and practical differences in employments, and not merely to different employers.   See Florida East Coast Ry. v. Lassiter, 58 Fla. 234, 50 South. Rep. 428; Kiley v. Chicago M. & St. P. Ry. Co., 138 Wis. 215, 119 N. W. Rep. 309; Minnesota Iron Co. v. Kline, 199 U. S. 593, 26 Sup. Ct. Rep. 159; Cooper v. Shannon, 36 Colo. 98, 85 Pac. Rep. 175; Vindicator Consolidated Gold Mining Co. v. Firstbrook, 36 Colo. 498, 86 Pac. Rep. 313, S. C. 10 Am. & Eng. Anno. Cas. 1108 and notes; Farwell v. Boston & Worcester Rail Road Corporation, 4 Met. (Mass.) 49, S. C. 38 Am. Dec. 339; Murray v. S. C. R. Co., 1 McMullan's L. 385, S. C. 36 Am. Dec. 268; 2 Labatt on Master & Servant, § 472 *et seq.;* Buswell on Personal Injuries (2nd ed.) § 213, *et seq.*   It is not contended that the statute of this State modifying the rule as to employer's liability in certain employments in the operation of railroads is applicable to the facts of this case.   See Bradford Const. Co. v. Heflin, 88 Miss. 314, 42 South. Rep. 174, S. C. 12 L. R. A. (N. S.) 1040, 8 Am. & Eng. Anno. Cas. 1077 and notes.

To render an employer liable to those in his employ for

injuries caused by the negligence of a fellow servant, it is not necessary that the servant who causes and the one who suffers the injury should be at the time of the injury engaged together in the same particular work, it is sufficient if they are in the employment of the same master, engaged in the same common enterprise, and both are employed to perform duties tending to accomplish the same general purpose, where such duties are not peculiar to the matter as such. See South Florida R. Co. v. Weese, 32 Fla. 212, 13 South. Rep. 436; South Florida R. Co. v. Price, 32 Fla. 46, 13 South Rep. 638; Parrish v. Pensacola & Atlantic R. Co., 28 Fla. 251, 9 South. Rep. 696; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792.

No questions of inexperience or directions to incur extra hazards or lack of warning as to risks and dangers are presented in this case. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792.

Where the duty negligently performed does not appear as a matter of law to be a duty devolving upon the master, or the conceded facts relating thereto are not such that an inference of law may be drawn therefrom by the court, the question whether the duty negligently performed did devolve upon the master in the particular case is for the jury to determine from all the facts and circumstances of the employment in evidence under proper instructions from the court. 2 Labatt on Master and Servant, § 564a; Donelly v. Booth Brothers & Hurricane Isle Granite Co., 90 Me. 110, 37 Atl. Rep. 874; Wilson v. Charleston and Savannah Ry., 51 S. C. 79, 28 S. E. Rep. 91. The burden is upon the plaintiff to show that the negligence causing the injury was in performing a duty cast upon the defendant master.

A master assumes the duty toward his servant of exercising reasonable care and diligence to provide the servant

with a reasonably safe place at which to work, with reasonably safe machinery, tools and implements to work with, with reasonably safe materials to work upon, and with suitable and competent fellow servants to work with him; and when the master has properly discharged these duties then, at common law, the servant assumes all the risks and hazards incident to or attendant upon the exercise of the particular employment or the performance of the particular work, including those risks and hazards resulting from the possible negligence and carelessness of his fellow-servants and co-employees. And at common law, whenever the master delegates to any officer, servant, agent, or employee, high or low, the performance of any of the duties above mentioned, which really devolve upon the master himself, then such officer, servant, agent, or employee stands in the place of the master, as to such delegated duties, and becomes a substitute for the master, a vice-principal, and the master is liable for his acts or his negligence to the same extent as though the master himself had performed the acts or was guilty of the negligence. But at common law, where the master himself has performed his duty, the master is not liable to any one of his servants for the acts or negligence of any mere fellow-servant or co-employee of such servant, where the fellow-servant or co-employee does not sustain this representative relation to the master. Atchison, Topeka &c. Railroad v. Moore, 29 Kan. 632, text 644; Baltimore & O. R. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. Rep. 914, The above enumeration of the master's duties towards his employees is not exhaustive or complete, but is merely illustrative. Moore v. Dublin Cotton Mills, 127 Ga. 609, 56 S. E. Rep. 839, 10 L. R. A. (N. S.) 772.

An employer is liable in damages for injuries to employees caused by the negligent performance or non-performance of any duty to the employees devolving upon

the employer by virtue of the express or implied requirements of the employment whether such duty is performed or neglected by the employer or by one acting for the employer. The particular duties imposed upon the employer with reference to the employees may depend to some extent at least upon the circumstances of the employment.

The business of the defendant employer does not appear to have been of such character or magnitude as to contemplate its division into separate departments under the control and management of agents, officers or servants to whom had been delegated duties belonging to the defendant employer. It appears that the negligent person and the plaintiff were engaged together in the same particular work as well as in the same common enterprise within the rule of the Florida cases *supra*.

The allegations of the declaration are not very full and definite but as the question whether the negligence complained of was in the performance of a duty properly devolving upon the employer as such, may be one largely of evidence, the declaration as framed does not wholly fail to state a cause of action. Upon a consideration of all the allegations of the declaration it may not be said as matter of law that the negligence was not in the performance of a duty devolving upon the master as such. The question is properly determined on a consideration of the evidence.

In determining whether a particular agent or servant represents the master the duty required to be performed, rather than the title by which the servant is known or called, is to be considered.

It is alleged that the negligence causing the injury was in signaling or ordering the engineer to move the loading machine. This duty is not shown to be peculiar to or cast upon the master in his capacity as such; but it rather appears that it was properly to be performed by a fellow-servant.

It appears that the plaintiff was not employed by the person whose negligence is complained of but by one higher in authority engaged in the same business, and it is not shown that the negligent person had the right to discharge the plaintiff or any employee.

Whatever may be the true rule as to the status of a conductor on a train of a railroad system, the conductor or "boss" or "foreman" of a log train belonging to and used solely by a saw mill company only for its own mill purposes, who has no authority to employ or discharge an employee and who is in authority subordinate to others engaged in the same business, is not in law necessarily the representative of the master discharging a duty peculiarly devolving upon the master while signaling the movements of a machine used in loading the log train so as to give a right of action against the master by an employee who is injured by the moving of the loading machine because of alleged negligence of the conductor or boss in signaling, where no negligence is shown in the performance of duties cast properly upon the master. See McCosker v. L. I. Ry., 84 N. Y. 77; Shank v. Edison El. Co., .. Pa. ..., 74 Atl. Rep. 210.

The place where the employee was when injured was apparently not *per se* dangerous and the injured person was not inexperienced, but was accustomed to the work. The injury was caused by the moving of the loading machine before the plaintiff got out of its way. Even if the plaintiff was not negligent in being where he was when injured, he was not placed in an extra hazardous place by the defendant or by any one properly acting for it. The plaintiff was directed by the "boss" or "foreman" to fix the ropes after which he was to return to a place of safety before the machine was moved.

The negligence alleged is in giving a signal for moving the loading machine on a flat car. This is no more of an

act peculiarly devolving upon the employer than was the direction given to the plaintiff to mount the car and fix the ropes of the loading machine. Fixing the ropes was apparently in the line of the plaintiff's employment and it is not shown to involve inexperience on the part of the plaintiff, or the assignment of a new and hazardous duty to the plaintiff. The giving of a signal to move the loading machine does not appear to be a duty cast by law or by the circumstances of the employment upon the employer. It does not involve the furnishing of suitable materials, implements or places for the work, or the employment of proper fellow-servants, or the giving of general or special directions for accomplishing the purpose of the employment, or the assignment to new or hazardous duties or any other act that pertains to the employer under the circumstances of the employment. This being so, the verdict on this showing should have been for the defendant.

In order to recover the plaintiff should make it appear that the negligence causing the injury was in the performance of a duty or an act imposed upon the master as such by law or by the express or implied requirements of the employment. It is immaterial who performed the act if it was one properly devolving upon the employer as such in view of the circumstances of the employment.

If because of the negligence in giving the signal or order to move the loading machine it was so negligently moved as to injure the plaintiff before he could reasonably have gotten out of its reach, the signal or order was given by a co-employee who in doing so was not discharging a duty cast upon the defendant as the employer, so far as appears by this record.

If on another trial it is shown that as a matter of fact the negligent party was discharging a duty cast by law or by the circumstances of the employment upon the em-

ployer as such in view of the business engaged in and the relation the parties sustained towards each other at the time of the injury complained of here, and that such negligence caused the injury, a case for recovery against the employee may appear. Contributory negligence on the part of the plaintiff is a matter of defense.

In order to render the master liable it must appear that the injury was caused by negligence in the performance of a duty cast upon the master as such whether it was in fact performed by the master or by another in his stead and the plaintiff must not have by his own negligence contributed proximately to the injury.

It is not shown that the giving of the signal as alleged is an act devolving upon the employer as such or that it is not an act of ordinary routine in the business engaged in that may properly be performed by a fellow-servant.

The judgment is reversed and a new trial awarded.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.