ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. JOHN A. WHITNEY, BY HIS NEXT FRIEND, NORA H. WHITNEY, *Defendant in Error.*

1. The Act of Congress of April 22, 1908, generally known as the Employers Liability Act, confers rights which may be enforced in the State Courts.

2. When an interstate railroad company fails to comply with the Federal statute fixing a standard of duty whereby an employee is injured, he may recover compensation for such injury in the State Courts.

3. In an action against a railroad company for injury caused by the malpractice of its surgeon, the evidence must show either actual knowledge of the unfitness of the surgeon selected or retained by it, or that his general reputation was so bad that the law will impute knowledge. It is not competent to show specific acts of unskillfulness not brought home to the company.

This case was decided by Division A.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*C. R. Layton* and *R. A. Burford,* for Plaintiff in Error;

*W. S. Broome* and *A. H. King,* for Defendant in Error.

COCKRELL, J.—Whitney recovered judgment against the railroad company in the sum of twenty thousand dollars for the loss of his right leg, and upon this judgment the company assigns over one hundred errors. We shall not undertake to treat separately these numerous assignments, since we find that those now of moment may be discussed under a few general heads.

The cause of action is two-fold: First, for the original injury, and then for the subsequent alleged malpractice of the surgeon for the railroad company. The negligence as to the first consisted of the failure of this interstate railroad company having its cars equipped with automatic couplers as required by the Federal statute, Whitney being at the time employed in making a coupling; and the negligence as to the second cause of action was in that the surgeon selected by the company was not possessed of ordinary competence and skill in his profession, which lack of competence and skill was known or should have been known by the company.

It is urged as to the first cause of action that it is doubtful whether the charge is against a failure to equip or a failure to maintain automatic couplers, but as the duty to keep the cars equipped is absolute. Chicago B. & Q. Ry. Co. v. United States, 220 U. S. 559, 31 Sup. Ct. Rep. 612, we see no occasion for embarrassment as indi-

cated in the motion to make the declaration more spe cific.

By an amendment to the declaration the original negligence is based squarely upon the failure of the company to comply with the Act of Congress of April 22d, 1908, generally known as the Employers Liability Act. and it is asserted that said Act is void, as being in violation of Section 1 of the 14th Amendment to the Federal Constitution, and further that said Act does not authorize the institution of actions thereunder in the State courts, but in the Federal courts only. We think both these contentions decided adversely to the plaintiff in error by the Supreme Court of the United States in several decisions lately announced, particularly in the case of Chicago B. & Q. Ry. Co. v. United States *supra,* construing St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. Rep. 616, and in Schlemmer v. Buffalo R & P. Ry. Co., 205 U. S. 1, 27 Sup. Ct. Rep. 407.

In the last named case that court reversed the Supreme Court of Pennsylvania for failing to give an employee the benefit of the safety appliance, which exonerated him from the doctrine of assumption of risks. In Chicago, B. & Q. Ry. Co. v. United States, 220 U. S. 559, 31 Sup. Ct. Rep. 612, that court held that the Congress not being satisfied with the common law duty and its resulting liability has prescribed and defined the duty by statute, and that if the railroad does in point of fact use cars which do not comply with the standard, it violates the plain prohibitions of the law and there arises from that violation the liabilty to make compensation to one who is injured by it.

The Federal statute therefore creates, by enlargement perhaps, but still creates a private right to an individual injured by the neglect of its provisions and there are no

negative words forbidding the enforcement of that right in the State courts. The highest authority upon that point has held that the State courts must give effect to the provision in the Act exonerating the employee from the defense of assumed risk, and we are clear would hold; in effect has held that the State courts must recognize the right in an employee to demand the fulfillment of the statutory duty to the extent of affording him compensation if injured by reason of the non-fullfillmnet. See Bradbury v. Chicago, R. I. & P. Ry. Co., 141 Iowa 51, 128 N. W. Rept. 1. We are not disposed to follow the decision in Hoxie v. New York, N. H. & H. R. Co., 82 Conn. 352, 73 Atl. Rep. 754, which seems to stand alone in refusing to apply this Federal statute.

To make out a case against the railroad for a subsequent injury occasioned by the aleged malpractice of the surgeon, it is charged that the surgeon was unskillful and incompetent, and that the defendant knew or ought to have known that he was so lacking. In South Florida R. Co. v. Price, 32 Fla. 46, 13 South. Rep. 638, we held that if a liability exist, the whole duty is performed when it employs a person of ordinary competence and skill in that profession, and that having done so, it cannot be held liable for the carelessness or negligence of such surgeon in the performance of his duties as such.

Assuming, as in the Price case, that a liabitlity is made out by the allegations in the declaration, was there competent proof before the jury to justify a finding on that ground? On this point we think the court erred.

The plaintiff exhibited to the jury several witnesses, too much in the nature of exhibits, who testified, over proper objections, that they had been injured by this de-

fendant and subsequently had received maltreatment at the hands of this surgeon; and one surgeon testified that a certain operation by the railroad surgeon was not successful, but could not say from an examination of the wound whether the treatment was proper or not; while another surgeon testified to finding a piece of gauze in a wound that should have been removed. It further appears that the chief surgeon of the railroad hospital knew of a treatment by this surgeon which it is claimed was improper. It appears that the surgeon complained of was a graduate of reputable medical schools, and there is no evidence as to his general reputation as to skill and competence being bad, nor that the president or other executive head of the railroad company had actual knowledge that he was unskillful or incompetent in his profession.

The case before us demonstrates to our minds the wisdom of adhering to the general reputation, rather than isolated instances, to bring home to the principal guilty knowledge of incompetence. Every witness, exhibiting his injuries before the jury tended to inject new issues which the defendant could not in reason be prepared to meet. The railroad company must provide competent engineers, not merely exercise some care in selecting them, and a different rule as to those servants engaged in operating the trains, in performing its duty as a common carrier, may well obtain; but as we have heretofore decided, the railroad company is not responsible for the negligent work of its surgeon, if not negligent in selecting or retaining him, and knowledge of his failings must be brought home to it—his general reputation may be so bad that the law will impute knowledge; but nothing short of this will make it liable. This rule forbidding particular instances is in direct accord with previous

rulings of this court on somewhat similar conditions and is the ruling of the only direct adjudication to which our attention has been directed. In Lacy v. Kossuth County, 106 Iowa 16, 75 N. W. Rep. 689, it is held that evidence of particular acts is not admissible to prove the competency of a physician; his general reputation for skill is alone relevant, which can be proved only by persons knowing such reputation in the community where he is engaged in practice.

What we have said disposes of the principal points presented. The others do not go to material points, or are apt to be presented under a different form at another trial. The plaintiff is now of age and there can be no further question as to bond by his next friend.

The judgment is reversed and a new trial awarded.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.