PRAIRIE PEBBLE PHOSPHATE COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. B. TAYLOR, *Defendant in Error*.

1. The common law rule is that when an employer has fully performed his duty to an employee, the employee assumes the obvious risks of danger in employment voluntarily engaged in when he is capable of understanding and appreciating such risks and dangers, and the employer is not liable in damages for injuries to the employee caused by the negligence of a fellow servant when the master does not by his negligence or other conduct proximately contribute to the injury.

2. The members of a train crew such as engineer, fireman, and brakeman or switchman of the same train are fellow servants.

3. If the master is negligent in his duty to take proper care in the selection of those who are to work with other employees he may be liable in damages for injuries proximately resulting from such negligence if recovery by the injured party is not barred by reason of contributory negligence; but in such case the negligence of the master and resulting injury must be properly alleged and must be proven as alleged.

4. Whre there is no evidence to sustain the particular allegation of negligence upon which an action is based, a verdict for the plaintiff will be reversed.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Wilson & Swearingen,* for Plaintiff in Error;

*J. W. Brady,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error recovered a judgment against the phosphate company for personal injuries received while acting as switchman on the defendant's train of trolley cars used in connection with a phosphate mining plant, and the defendant took writ of error.

As the defendant is not a railroad company the provisions of Chapter 4071, Acts of 1901, sections 3148, 3149 and 3150 General Statutes of 1906, defining the liabilities of railroad companies in certain cases are not applicable to this case. See Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680; Taylor v. P. P. P. Co., 61 Fla. 455, 54 So. Rep. 904.

The common law rule is that when an employer has fully performed his duty to an employee, the employee assumes the obvious risks of danger in employment voluntarily engaged in when he is capable of understanding and appreciating such risks and dangers, and the employer is not liable in damages for injuries to the employee caused by the negligence of a fellow servant when the master does not by his negilgence or other conduct proximately contribute to the injury. This rule is in force in this State by virtue of the Act of 1829, section 59 of the General Statutes of 1906, which enacts that the common and statute laws of England which are of a general and not a local nature, down to the 4th, day of July, 1776, be and are declared to be of force in this State, when not inconsistent with the constitution and laws of the United States and the acts of the Legislature of this State. The rule above stated is not inconsistent with the constitution and laws of the United States and there is no act of the Legislature affecting such rule in its application to cases of this nature and class.

The members of a train crew such as engineer, fireman and brakeman or switchman of the same train are fellow servants. Parrish v. Pensacola & A. R. Co., 28 Fla. 251, 9 South. Rep. 696; South Florida R. Co. v. Price 32 Fla. 46, 13 South. Rep. 638; South Florida R. Co. v. Weese, 32 Fla. 212, 13 South. Rep. 436; Stearns & Culver Lumber Co. v. Fowler *supra*.

If the master is negligent in his duty to take proper care in the selection of those who are to work with other employees he may be liable in damages for injuries proximately resulting from such negligence if recovery by the injured party is not barred by reason of contributory negligence; but in such case the negligence of the master and resulting injury must be properly alleged and must be proven as alleged.

The declaration in this case contains only one count and is framed upon the theory that the engineer of the train by which the plaintiff was injured was as such the representative of the master and not a fellow servant of the plaintiff; and also upon the theory that the master was negligent in selecting the engineer. Under the authorities above cited the engineer was not the representative of the master in this case and was not performing a duty that devolves upon the master, but he was a fellow servant of the plaintiff. If the engineer represented the master his negligence would in law be the negligence of the master, and negligence of the master in selecting the engineer would be immaterial.

The allegation that the defendant put the plaintiff at work as brakeman and switchman when defendant knew plaintiff had had no experience in such work, is not supported by allegations that the risks and dangers of the employment were not obvious or were not readily understood and appreciated by a normal adult man, or that plaintiff

was not advised of the risks and dangers, or that he was in fact incapable of appreciating the dangers of the employment; and the inexperience of the plaintiff is not alleged to have been the proximate cause of the injury.

The only basis for a recovery in this case is the allegation that the defendant "negligently and carelessly put in charge of said engine an engineer who was careless, reckless, and negligent of the defendant's duty to this plaintiff, and while the plaintiff was dismounting from said engine for the purpose of changing the said switch, and while using due care and caution for his own safety, said defendant company by its said engineer ——————— carelessly, negligently, and wrongfully caused said trolly engine, suddenly and unexpectedly to jirk forward, whereby plaintiff, being in the act of dismounting, and using all the care and caution for his own safety, was thrown violently forward and downward, and his right leg thrown under said engine causing the wheels thereof to break said limb in four places and to crush plaintiff's ankle, thereby rendering him a cripple for life." See Taylor, v. P. P. P. Co. *supra,* Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Coombs v. Rice, decided here at this term.

The allegation that the defendant made the plaintiff subject to the orders and commands of the engineer does not change the relation of fellow servants existing between the paintiff and the engineer, and does not charge actionable negligence on the part of the employer, since the alleged negligence in suddenly starting the train was the act of the engineer a fellow servant of the plaintiff.

As the engineer was a fellow servant of the plaintiff employee, and not the representative of the defendant employer, the only actional negligence imputed to the employer by the stated allegations of the declaration, is that

the defendant employer "negligently and carelessly put in charge of said engine an engineer who was careless, reckless and negligent of the defendant's duty to this plaintiff." If these allegations are not substantially proven by the facts and circumstances in evidence, the verdict is contrary to the law and the evidence and should have been set aside by the Circuit Court.

The plaintiff, a man, was about 56 years of age, and there is no allegation or proof that he was not of normal mental and physical capacity; and as the dangers of the employment were obvious to one of his age and presumed capacity, he assumed the risks of the employment, in which the evidence shows he voluntarily engaged.

There is no evidence that the defendant was negligent in putting the engineer in charge of the engine and the evidence does not indicate that the engineer was in fact an improper person to put in charge of the engine, or that the conduct of the engineer was such that the defendant was in law held to know that he was not a competent and proper person for the place.

The burden was upon the plaintiff to prove actionable negligence substantially as alleged and in this he has failed.

The judgment is reversed and the cause is remanded for a new trial.

TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.

HOCKER, J., absent because of illness.