## SULLIVAN v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Florida. August 17, 1917.)

1. MASTER AND SERVANT ⟨≈⟩258(9)—INJURIES TO SERVANT—DECLARATION—RIGHT OF RECOVERY.

Plaintiff's declaration alleged in the first count that defendant was engaged in the hazardous occupation of railroading; that plaintiff was a mechanic working in defendant's shops; that his duties required him to use steel chisels; that he delivered to defendant's blacksmith a chisel to be dressed and tempered; and that, though it was the duty of the blacksmith to do such work, he carelessly, negligently failed to properly temper the chisel, so that upon being struck by a hammer, a piece of the cutting edge flew off and destroyed plaintiff's eye. Subsequent counts after allegations similar to those in the first count alleged negligence on the part of the blacksmith in dressing and tempering the chisel, and that the metal in the chisel was unfit and inadequate for the work required of plaintiff. *Held*, that the declaration, in view of all of the averments, did not show that the chisel furnished was defective, but established that the blacksmith's negligence in tempering it was the proximate cause of the injury.

2. MASTER AND SERVANT ⟨≈⟩180(1)—FELLOW · SERVANTS—STATUTES—CONSTRUCTION—"HAZARDOUS."

Laws Florida 1913, c. 6521, § 1, defines hazardous occupations, among them railroading. Section 2, declares that persons mentioned in the first section shall be liable for injuries inflicted on their agents and employés caused by their negligence unless they, their agents and servants, shall have exercised all reasonable care; while section 3 declares that such persons shall not be liable for injury done by the employé's consent, or caused by his own negligence, but if such persons or their agents be at fault as well as the employé, the injured employé may recover damages to the amount attributable to such persons. The section further declares that damages shall not be recovered where the injury occurs through the negligence of the injured employé and a fellow servant jointly engaged in performing the act causing the injury, and the employer is guilty of no negligence. A mechanic employed by a railroad company in its shops was injured by the splintering of a chisel which was improperly tempered by the railroad company's blacksmith. *Held*, that he could not recover, for his work was not extrahazardous within the act, but that recovery should be denied; the injury being the result of the negligence of a fellow servant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series,. Hazardous.]

At Law. Action by James F. Sullivan against the Atlantic Coast Line Railroad Company, a corporation. On demurrer to the declaration and motion to compel plaintiff to separate causes of action in three counts of the declaration. Demurrer sustained.

A. H. & Roswell King, of Jacksonville, Fla., for plaintiff.
John L. Doggett, of Jacksonville, Fla., for defendant.

⟨≈⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge.  This cause comes on to be heard upon demurrer to the declaration and motion to compel the plaintiff to separate the causes of action in counts 2, 3, and 4.

The declaration charges in the first count that the defendant is engaged in the hazardous occupation of railroading, and then proceeds to allege that the plaintiff was a machinist engaged in working in the shops of the defendant; that his duties required him to use steel chisels; that he delivered to a blacksmith, an employé of defendant, a chisel to be dressed and tempered; that it was the duty of such blacksmith to do this work; that said blacksmith carelessly and negligently failed to properly temper such chisel, so that upon being struck by a hammer a piece of the cutting edge flew off and put out plaintiff's eye; that defendant failed to use proper precaution for the protection of the plaintiff, and to furnish safe tools with which to work.

The second count alleges all the allegations of the first count, and alleges further negligence in that the blacksmith in repairing, dressing, or tempering said chisel hammered or drew out same improperly, so that the cutting edge of said chisel was made or left with cracks, rifts, or seams running backward down the chisel, and thereby rendered liable to crack or shiver or break when the chisel was struck by the plaintiff.

The third count alleges all the allegations of the first count, and alleges further that the metal in the chisel was unfit, improper, and inadequate for use in the way and for the work then and there required of the plaintiff.

For a fourth count, after making the first count a part, it further alleges that the blacksmith improperly heated, dressed, and tempered the chisel, by reason of which, while plaintiff was using it as his duties required, said chisel broke, splintered, or shivered back from its cutting edge, and a fragment destroyed the sight of plaintiff's eye.

Chapter 6521 of the Laws of Florida, § 1, defines hazardous occupations, among them railroading.  Section 2 provides that persons, etc., mentioned in section 1 shall be liable in damages for injuries inflicted upon their agents and employés caused by the negligence of such persons, etc., their agents and servants, unless such persons, etc., shall make it appear that they, their agents and servants, have exercised all ordinary and reasonable care and diligence; the presumption in all cases being against such persons, etc.  Section 3 then provides that such persons, etc., shall not be liable for injuries where the same is done by the employé's consent or caused by his own negligence, but if the employé injured and the persons, etc., mentioned in the first section, or their agents or employés, are both at fault, the injured employé may recover, his damages to be decreased or increased in proportion to the amount of default attributable to both, provided that damages shall not be recovered where the injury occurs through the negligence of the injured employé and a fellow servant jointly engaged in performing the act causing the injury, and the employer is guilty of no negligence contributing to the injury.  Section 4 does away with the doctrine of "assumption of risk," in every case where the injury is attributable to the negligence of the employer, his agents or servants.

[1] The first count of the declaration is predicated on the duty of the defendant to temper and dress the chisel to be used by the plaintiff in his work, and that the blacksmith was employed by the defendant to do this work, and the work was so negligently done by the blacksmith that, upon the plaintiff using the chisel as he was required to do, a piece of the cutting edge flew off and destroyed the sight of his eye.

Then follows a general allegation that the defendant failed to use proper precaution for the protection of the plaintiff, and to furnish safe tools with which he was to do the work. This allegation follows the charge of negligence of the blacksmith and negatives the idea that the lack of precaution or the failure to furnish safe tools was the proximate cause of plaintiff's injury. There is no fact alleged in the declaration to show that the chisel furnished was defective, but, on the contrary, the direct allegation that the blacksmith's negligence in tempering it was the proximate cause of the injury is made. These allegations, taken with the further direct charge that the "steel chisels were required to be tempered and dressed by the defendant," makes the general language above noted surplusage.

[2] The plaintiff, if he can recover upon the first count, must do so under and by virtue of chapter 6521, Laws of Florida 1913, the terms of which are set out above. Unless he falls within the terms of that act, the doctrine of injury through the negligence of a fellow servant would apply.

What I have said above in regard to the general charge of the failure of the defendant to furnish suitable tools to do the work applies equally to the charge in the third count that the metal in the chisel was unfit, improper, and inadequate for use in the way and for the work then and there required of the plaintiff. If the proximate cause of the injury was the negligence of the blacksmith, any other defect or negligence is of no moment.

The second and fourth counts charge negligence of the blacksmith more definitely, and in respect to the cause of action are the same as the first count, and governed by the same rule.

The Supreme Court of Florida, in G., F. & A. Ry. Co. v. King, 74 South. 475, in the majority opinion, construes this particular act. On page 477 of 74 South. the Court say:

"This statute was intended to define the liability of employers for injuries to employés engaged in the hazardous occupations therein stated."

Among these is "railroading." It then proceeds to define, on page 478 of 74 South. "railroading," as used in this statute, to mean "work upon a railroad," and "the business of constructing railroads."

The same court, in Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 367, 50 South. 682, discussing the power of the Legislature, say:

"The legislature may exercise a wide lawmaking discretion as to regulating employments, and the liabilities and remedies incident thereto, when the classifications adopted for legislative regulation or change are not purely arbitrary, and are made with reference to real and practical differences in employments, and not merely to different employers."

In the instant case the plaintiff was a machinist in the employ of the defendant in its machine shops, either to "work upon" or "the

business of constructing" a railroad. His work was no more hazardous, nor, so far as the declaration discloses, other or different from machinists employed in any machine shop owned by corporations or persons, other than a railroad. If this plaintiff can claim the rights given under chapter 6521, supra, simply because the shop was owned by, and he was the employé of, a railroad company, it would be a classification of "employers," and not "employments," and this the Legislature cannot do.

I am of opinion, therefore, that the declaration does not state a case falling within the terms of chapter 6521, supra.

As before noted, the allegations show that the plaintiff was injured through the negligence of a fellow employé, not through the failure of the employer to perform the duty assumed of exercising reasonable care and diligence to provide the employé with reasonably safe machinery, tools, and implements to work with, and suitable and competent fellow employés to work with him. Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 368, 50 South. 680.

The principles announced by the court are amply sustained by the many cases cited in the opinions.

The defendant's demurrer must therefore be sustained.