SWANN, Judge.
This is an appeal by the plaintiff below, Joseph A. Rich, from a final judgment after a jury verdict for the defendant, Atlantic Coast Line Railroad Company.
The plaintiff has presented several points on appeal. A close review of the record indicates that they were properly resolved by the trial court and the jury. One of the points, however, deserves specific consideration.
The trial court entered a “partial directed verdict” for the defendant at the close of the evidence, and ruled that the defendant railroad was not responsible, as a matter of law, for the actions of two doctors who were allegedly negligent in the treatment of the plaintiff.
The question on appeal is were the doctors the agents of the railroad company so that the railroad would be liable for their alleged negligence; or were they independent contractors solely liable for any alleged negligence in their treatment of plaintiff? Although the testimony reveals that the plaintiff personally paid the bills submitted by each doctor, there was some degree of conflict as to whether the plaintiff was treated by the doctors in their capacity as company doctors, or as his private physicians. However, we do not find it necessary to determine this issue, as the law in this matter has previously been determined by the Supreme Court of Florida.
In Atlantic Coast Line R. Co. v. Whitney, 1911, 62 Fla. 124, 56 So. 937, the Supreme Court of Florida was similarly confronted with the question of the liability of a railroad for the negligence of a doctor in an action by an injured employee under the Employers Liability Act. The court held that in an action against a railroad company for injury caused by the malpractice of *693 its surgeon, the evidence must show either actual knowledge of the unfitness of the surgeon selected or retained by it, or that his general reputation was so bad that the law will impute knowledge. It was not competent to show specific acts of unskillfulness not brought home to the company. See South Florida R. Co. v. Price, 1893, 32 Fla. 46, 13 So. 638.
A thorough examination of the record fails to reveal that the company had either actual knowledge that the doctors were unfit, or that the general reputation was such as to impute knowledge. Therefore, it cannot be said, on the authority of Whitney and Price, supra, that the railroad company was liable for the action of the doctors.
The plaintiff asserts, however, that these two old cases are not present authority in view of the statement of the Supreme Court in City of Miami v. Oates, 1942, 152 Fla. 21, 10 So.2d 721, on page 724:
* £ *
“ * * * The rationale of those decisions [Whitney and Price] in that the physicians were in nowise under the supervision and control of the employer, but stood in the status of independent contractors, and the duty of the employer railroad company was only to exercise due care in selecting such employees and we do not think those cases are applicable here. Neither are we at all certain, in the light of modern decisions, that our views expressed in those opinions would he followed in the present day. * * * ” (Emphasis added.)
* * *
These decisions, however uncertain their application might be “in light of modern decisions”, remain the law to be followed by the trial court until reversed. We cannot find that the trial court erred in following the law as enunciated by the Supreme Court of Florida.
The judgment appealed is therefore
Affirmed.