PER CURIAM:
Petitioner seeks review by certiorari of that decision reported as Rich v. Atlantic Coast Line Railroad Company, Fla.App.1966, 183 So.2d 692. The cause was certified to us by the district court because in the opinion of that court its decision passed upon a question of great public interest “in that the decision concerns the rights of employees suing under the Federal Employer’s Liability Act.”
The only question discussed and decided in the subject opinion was the responsibility of a railroad for the alleged negligence of its doctors in treatment of an employee. We consider this to be the question which the district court felt to be of great public importance. The district court held that a railroad is responsible for the malpractice of its doctor only where it had either actual knowledge of his unfitness or that the doctor’s general reputation was so bad that the law will impute knowledge. In reaching this conclusion the district court relied on the decisions of this court in Atlantic Coast Line R. Co. v. Whitney, 1911, 62 Fla. 124, 56 So. 937, and South Florida R. Co. v. Price, 1893, 32 Fla. 46, 13 So. 638.
As a general statement of law we think the decision of the district court is correct and it is approved and affirmed. However, we note in passing that the relationship of a doctor to a railroad may be different under varying factual circumstances. If the relationship is not that of independent contractor, but rather of employee, then the rule announced in the district court might well not apply. In the instant .case there is nothing to suggest that the doctors involved were anything other than independent contractors.
We have considered the other questions raised by the petitioner and find them to be without merit
The decision of the district court is approved.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and O’CONNELL, JJ., concur.