# Sheridan, Appellant, *v.* Gray's Ferry Abattoir Company.

*Appeals—Assignments of error—Evidence.*

Assignments of error relating to the rejection of testimony will not be considered where the offers and the ruling of the court thereon are not set out.

*Negligence—Master and servant—Evidence.*

In an action by an employee against his employer to recover damages for injuries sustained by the plaintiff getting his foot into a pit of hot oil and water, binding instructions for defendant are proper where the evidence shows that plaintiff was familiar with the room where the accident occurred, that the pit was covered with boards over which the plaintiff walked a number of times each night, that there was nothing to show that the boards were decayed or out of repair, that the room was well lighted, and that it did not clearly appear how the plaintiff got his foot in the pit.

Argued Jan. 8, 1906.   Appeal, No. 201, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 3,298, on verdict for defendant in case of William Sheridan v. Gray's Ferry Abattoir Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

·. Trespass to recover damages for personal injuries.   Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were as follows :

1. Rejection of evidence of plaintiff that the covering of the pit deceived him as to any danger.

2. Sustaining objection to offer that defendants neglected to warn plaintiff as to dangerous character of hole.

3. Sustaining objection to offer to prove repairs made to the covering after the accident by the defendants.

· 4. Sustaining objection to proof as to condition of the lid over the hole a month prior to the accident.

5. Sustaining objection to offer of plaintiff to show how such holes were usually protected.

6. Giving binding instructions directing verdict for defendants.

*Joseph Leedom*, for appellant.

*William W. Smithers*, of *Smithers & Lank*, for appellee.

OPINION BY MR. JUSTICE FELL, February 26, 1906 :

All of the specifications of error are in violation of the rules of court. The first five relate to the rejection of testimony and the offers and the ruling of the court thereon are not set out: Rule 31. These must be disregarded. The sixth specification should have set out the instruction complained of : Rule 30. Since this specification is to a binding instruction to find for the defendant we will consider it notwithstanding the error in form.

The plaintiff was injured by getting his foot into a pit containing hot oil and water which dripped from the machinery of which he had at the time sole charge. He was an experienced engineer and electrician, and for nearly three weeks he had been in charge as night engineer of the defendant's engines, dynamo and ice machines which were in a room fifty by seventy-five feet. The floor of this room was cement and it was smooth and even except at one place some distance from the dynamo, where the cement had been raised to make a foundation for machines. Near the dynamo a pit was sunk in the floor to which by means of two small pipes water and oil which dripped from the machines were conducted. The top of the pit was twelve by fifteen inches ; its depth was not shown. It was covered by boards fitted to the top and placed flush with the surface of the floor. The plaintiff walked over these boards a number of times each night. There was no evidence that they were decayed or out of repair. The room was well lighted and there was an incandescent lamp within seven or eight feet of the pit.

How the plaintiff got his foot in the pit does not clearly appear. There was an evident attempt on his part to fit his testimony to the support of the allegation that the pit was a hidden danger of the existence of which he had no knowledge, rather than to show the real facts of the case. He testified at

one time that he fell into the pit, at another that the boards were in place on the pit when he stepped on them. When aided by the question, " And the boards gave way and your foot went in ; is that it ? " he answered, " Yes, my foot went in." He further testified that he had never examined the boards and had no knowledge of their condition, that he had not observed the pipes running into the pit, and supposed that the boards were used to fill up a depression in the floor. His witness, who worked in the same room, testified that he knew of the existence of the pit, that the pipes were plainly visible, and that the boards covering it were nailed to cleats and were apparently sound and strong before the accident, and that the only defect he observed after the accident was that some nails that fastened one of the boards to a cleat were loose.

There was nothing in this testimony to warrant a recovery against an employer, and a verdict was properly directed for the defendant.

The judgment is affirmed.