LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORA-TION, *Plaintiff in Error,* v. W. G. YARBOROUGH, *Defendant in Error.*

1. Where a party contributes to his own injury, he cannot in general recover at common law, nor under the statute unless the statute is shown to be applicable.

2. It is the duty of a railroad company to prevent the accumulation of drift around its bridge over a navigable stream that interferes with navigation, and it is also its duty to protect its bridge that is daily used for public transportation of persons and property. But these duties should be performed with due regard to the rights of others.

3. Where a plaintiff is guilty of contributory negligence, he cannot recover full damages for the mere negligence of another even if the statute allowing an action is applicable to the case.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiff in Error;

*Price & Lewis,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment for $430.00 and interest as damages rendered

in the circuit court for Jackson county against the rail-road company for a raft of logs belonging to Yarborough that had lodged against the fender of a railroad bridge while being floated down the Apalachicola river and the greater portion of the raft was lost after being cut apart by direction of employees of the railroad company.

A former judgment for the plaintiff was reversed in Louisville & N. R. Co. v. Yarborough, 57 Fla., 101, 48 South. Rep., 634, where the declaration appears in full.

The damage alleged is in effect that the defendant over the protest of the plaintiff cut the binders and ropes of the raft thereby turning the logs loose in the river where-by 64 logs averaging 400 feet each were lost. They were shown to be worth $16.00 per thousand feet, less cost of floatage 40c per thousand from the bridge to market. Some expense was incurred in saving other logs of the raft. Trial was had on pleas of not guilty, of sole fault of the plaintiff and of contributory negligence. The plea that the injury was caused solely by the plaintiff's own negligence was immaterial as that could be shown under the general issue.

The injury was not done by the running of locomotives, cars or other machinery of a railroad company, and even if the defendant is liable for the injury complained under the provisions of sections 3148 and 3149 of the General Statutes of 1906, that "a railroad company shall be liable * * * * for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence. * * * If the complainant and the agents of the com-pany are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him,"

there is no specific allegation or definite proof that the damage was "done by any person in the *employ and service of such company.*"

The evidence shows fault on the part of the plaintiff's employees in undertaking to float the raft of logs under the bridge at night, and in not removing the raft from the fender of the bridge by three o'clock the next afternoon; and even if the defendant was at fault in so cutting the ropes of the raft as not to give the plaintiff's employees an opportunity to use the ropes in saving the severed raft, the plaintiff having contributed proximately to his own injury, there can be no recovery if the statute does not apply. If the statute does apply the plaintiff may recover but "the damages shall be diminished * * * by the jury in proportion to the amount of default attributable to" the plaintiff. It was the duty of the railroad company to prevent accumulation of drift around its bridge that interferes with navigation, and to protect its bridge that was daily used for public transportation of persons and property. But this duty should be performed with due regard for the rights of others. Louisville & N. R. Co. v. Yarborough, 57 Fla., 101, 48 South. Rep., 634. The failure of the plaintiff to remove the raft with reasonable promptness contributed proximately to the injury sustained. Although the plaintiff was not within easy reach of the bridge, he was represented by those to whom he had committed the raft for floating down the river, and if they were unable to cope with a situation that reasonably should have been anticipated, the plaintiff is responsible for the ordinary consequences.

The judgment is apparently for full damages as claimed.

As the plaintiff contributed proximately to his own

injury, he cannot recover under the common law.  Louisville & N. R. Co. v. Yniestra, 21 Fla., 700; German-American Lumber Co. v. Brock, 55 Fla., 577, 46 South. Rep., 740; Atlantic Coast Line R. Co. v. McCormick, 59 Fla., 121, 52 South. Rep., 712.

If sections 3148 and 3149 of the General Statutes of 1906 are applicable to this case, the plaintiff may recover, but the damages should be diminished in proportion to the amount of default attributable to him.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.