CENITH GRACE, *Plaintiff in Error,* v. GENEVA LUMBER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion filed January 20, 1916.

The statutory liability of railroad companies for damage done to persons and property by the running of the trains of such companies, is predicated upon a classification having substantial basis in the dangers incident to the operation of railroad trains; and the salutary purpose and effect of the statute cannot be evaded by mere names or the primary

nature of a company's business, if in fact the company operates trains and does the business of a railroad company, though it is done as an incident to·or independently of other business legally or illegally engaged in.

Writ of Error to Circuit Court, Holmes County; D. J. Jones, Judge.

Judgment reversed.

*Price & Grace* and *John P. Stokes,* for Plaintiff in Error.

*C. L. Wilson* and *James H. Finch,* for Defendant in Error.

PER CURIAM.—Cenith Grace brought an action under the statute against the corporation to recover damages sustained by her by reason of the alleged wrongful death of her husband. The first and third counts of the declaration allege that the defendant was a railroad company within the meaning of Sections 3148 and 3149 of the General Statutes of Florida, and as such operated a line of railroad from Graceville, Florida, to Whittaker, Alabama; and that it carelessly and negligently ran one of its trains of cars against a vehicle in which the decedent, not an employee, was riding on a public road in Holmes County, Florida, thereby injuring him and causing his death.

The second and fourth counts allege a negligent injury under the general law, such injury resulting in death. There was a plea of not guilty, and special pleas averring negligence of the decedent, and that the defend-

ant is not a railroad company within the meaning of Sections 3148 and 3149 General Statutes.

The court excluded proffered testimony that the defendant "owns and conducts a sawmill business in the State of Florida; that it runs a line of track from a point in Florida to a point in Alabama; that over this track they run locomotives and trains, and that they have in addition to hauling its own logs, hauled freight of all description for the public when tendered to it and the freight prepaid or secured; that this was being done at the time of the injury sued for in this declaration, and for years prior to that time; that the company held itself out to receive and carry such freight for hire from whoever tendered it, from points upon its own railroad to other points on its railroad, and from points upon other railroads to points on its own railroad, and that on two separate days each week it was the custom of this company to operate trains and haul freight exclusively for the public for hire."

After testimony was taken as to the injury and death, the court directed a verdict for the defendant. Judgment was rendered thereon, and the plaintiff took writ of error.

Sections 3148 and 3149 General Statutes of 1906 are as follows:

"3148.  Liability of Railroad Company.—A railroad company shall be liable for any damage done to persons, stock or other property by the running of the locomotives, or cars, or other machinery of such company or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and

reasonable care and diligence, the presumption in all cases being against the company."

"3149.   When Recovery of Damages Forbidden.— No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence.   If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

The evidence indicates that the trains on the defendant's track were quite similar to and were operated like trains of a railroad company, and in view of the allegations of the first and third counts of the declaration it was error to exclude the proffered testimony referred to above.   Besides this there was conflicting evidence as to the circumstances of the injury which should have been considered by the jury whose province it was to determine whether the defendant's negligence proximately caused the injury, and whether there was negligence on the part of the decedent.   If the defendant company was in fact doing the business of a railroad company, the statute would apply, even though the name of the company and its primary business indicated that of a lumber or milling company.   The case of Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 South. Rep. 904, is not in conflict with this holding.   The statutory liability of railroad companies for damage done to persons and property by the running of the trains of such companies, is predicated upon a classification having substantial basis in the dangers incident to the operation of railroad trains; and the salutary purpose and effect of the statute cannot be evaded by mere names or the primary nature of the

company's business, if in fact the company operates trains and does the business of a railroad company, though it is done as an incident to or independently of other business legally or illegally engaged in.

The judgment is reversed and a new trial awarded.

All concur, except COCKRELL, J., absent by reason of sickness.