(91 South. 893)

### BURNETT v. STATE.    (5 Div. 384.)

(Court of Appeals of Alabama.    Dec. 20, 1921.)

**1. Witnesses ☞301—Error to require defendant to answer as to other convictions.**

On a trial for violating the prohibition laws, it was error to require defendant on cross-examination to testify that he had been convicted in the federal court for distilling liquor.

**2. Criminal law ☞1169(11)—Instruction held not to correct error in admission of evidence of other convictions.**

An instruction that there was testimony that defendant was guilty of making prohibited

liquors before, and that this was not for the jury's consideration, but for the consideration of the court, and the court did not intend it to go to the jury at all, was not sufficient to correct an error in admitting evidence of a former conviction for distilling liquor.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Lige Burnett was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

E. Herndon Glenn, of Opelika, for appellant.

The court erred in permitting it to be shown that the defendant had been convicted in the federal court for violating prohibition law. 64 South. 544; 14 Ala. App. 111, 72 South. 211; 69 South. 227; 62 South. 322. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

· BRICKEN, P. J. [1] The defendant testified as a witness in his own behalf and on his cross-examination by the solicitor was required, over his objection and exception, to answer the following question: "Mr. Burnett, I will ask you if you have not been convicted two or three times for distilling liquor in the federal court?" To which he replied, "Yes; I pleaded guilty." The defendant moved to exclude this answer, which motion was overruled, and to this ruling of the court the defendant also excepted. This was error, and has been so held in numerous decisions by this court and the Supreme Court. It is sufficient only to cite Abrams v. State, 17 Ala. App. 379, 84 South. 862; Lyles v. State (Ala. App.) 88 South. 375;[1] Lakey v. State (Ala. Sup.) 89 South. 605.[2] A reference to these cases renders unnecessary further discussion here.

[2] It is true the court undertook to correct this error, but the effort was abortive, for the reason, among others, that in the language used by the court in this connection the fact of the defendant's former conviction in the federal court for distilling liquor still remained with the jury, and it cannot be said that this testimony was not considered by them or that it did not influence them in their deliberations. The expression used by the court was:

"There was some testimony tending to show that this defendant was guilty of making prohibited liquors once before, possibly more than once; I don't know about that. I limited that testimony, not for your consideration, but for the consideration of the court. I did not intend that testimony to go to you at all, and I so ruled, but the attorneys seem to have mis-understood my ruling. And you are not to consider that testimony. That was for the court, and not for you."

This statement was not sufficiently specific, as it refers to the alleged former *guilt* of the defendant, and not to the testimony as to his *conviction*, which fact, as before stated, was before the jury as a result of the court's ruling. Moreover, this testimony was of such a prejudicial hurtful character it is very doubtful if the error that had been occasioned by its improper admission could have been remedied; certainly not by the cursory remarks of the court, even if such remarks had referred specifically to the actual testimony itself. Cassemus v. State, 16 Ala. App. 61, 75 South. 267. As said in the Cassemus Case:

"It cannot * * * be seriously doubted but that the poison which had been injected would be difficult to eradicate."

And as said in Lakey v. State, supra, where the identical question is discussed by Justice Sayre of the Supreme Court:

"The evidence thus required of the defendant was calculated very seriously to prejudice him in the eyes of the jury, and should not have been admitted."

As the cause must be reversed for the error pointed out, it is not necessary to discuss the numerous other questions insisted upon, many of which appear to be without merit.

Reversed and remanded.