THOMAS L. CARTER, AS ADMINISTRATOR OF THE ESTATE OF W. L. CARTER, DECEASED, *Plaintiff in Error*, v. J. RAY ARNOLD LUMBER COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed April 1, 1922.

Petition for Rehearing Denied May 19, 1922.

1. Actionable negligence arises where injury to one person is proximately caused by the failure of another to exercise such reasonable care and diligence as should have been ex-

ercised under the circumstances in view of the relation of the parties to each other at the time, and the complaining party is not guilty of such contributory negligence as bars recovery under the law applicable to the case.

2. The use of a dangerous agency requires the exercise of care commensurate with the nature and uses of the agency and the conditions and circumstances under which it is operated or utilized.

3. In an action for a negligent injury, it may be necessary only to allege ultimate facts showing the relation of the parties and the circumstances out of which the duty to avoid negligence arises and the act or omission that proximately caused the injury, coupled with a statement that such negligent act was negligently done or omitted.

4. An ordinary log or tram road operated by a lumber company solely in transporting logs from the forest to a sawmill, is not within the provisions of the statute prescribing the liability of railroad companies for damage done to persons or property by the operation of trains.

5. At common law contributory negligence bars a recovery of damages for a negligent injury; and this rule has not been changed by statute except as to railroad companies and in favor of employees engaged in certain hazardous employments not including sawmill operations.

6. Contributory negligence, being an affirmative defense, need not be negatived by the plaintiff; but if substantial contributory negligence appears in the case made by the plaintiff, he cannot recover in cases controlled by the common law.

7. Where a decedent could have maintained an action for injury to himself had he survived the injury, his administrator would have a right of action under the statute.

8. While a log train is not a railroad, it is operated by rolling stock, motive power and road bed utilities similar to railroads, and care commensurate with the dangers incident to its operation is required by law of those engaged in its operation, the principle of *respondeat superior* being applicable as in other cases.

9. The declaration alleges a cause of action and the demurrer thereto should have been overruled.

A Writ of Error to the Circuit Court for Lake County; C. O. Andrews, Judge.

Reversed.

*N. B. K. Pettingill* and *M. B. Macfarlane,* for Plaintiff in Error;

*McCollum & Clark,* for Defendant in Error.

WHITFIELD, J.—The second amended declaration herein is as follows:

"Thomas L. Carter, as administrator of the estate of Walter L. Carter, deceased, of the County of Lake aforesaid, sues the J. Ray Arnold Lumber Company, a corporation organized and existing under the laws of Florida and having its principal place of business in said County of Lake, defendant, in a civil action for damages in the sum of ten thousand dollars:

"For that, on or about the 15th day of March, 1920, and for a long time prior thereto the defendant, under the corporate name of EDGE-DOWLING LUMBER COMPANY, was the owner and engaged in the operation of a railroad running from and through the County of Sumter, State of Florida, through said County of Lake to its lum-

ber mill situated in said last named County, and in running trains of cars propelled by steam power over its said railroad; that a portion of said railroad ran between said lumber mill of the defendant and its logging camp and at a point on the line therefor about two hundred yards distant from said logging camp in the direction towards said lumber mill was a trestle over a creek; that at the point where the public road crossed said creek there was no bridge nor other convenience for crossing nor was there in that vicinity any means by which a foot passenger could cross said creek without wading through it other than by crossing over the trestle of the defendant aforesaid; that, as a consequence of said condition, the said railroad track of defendant from its said logging camp to and beyond the point on said track where said trestle was located was then being, and had been for a long period of time prior thereto to-wit: for many months, used as a foot path by the people of that vicinity, of whom plaintiff's intestate Walter L. Carter was one, in traveling from the neighborhood of said logging camp to points along or near the line of said railroad track in the direction beyond the trestle aforesaid; that such use of said railroad track and trestle was a necessity because of the lack of other convenience for crossing said creek as aforesaid; that the defendant well knew, or by the exercise of reasonable prudence and diligence should have known, of such necessity and of such use of its said track and trestle as a foot-path by the public as aforesaid; and that therefore it was the duty of the defendant and its servants to use such care in the operation of its said trains over that portion of its track above described as was reasonably necessary to prevent injury to persons using said track and trestle as a foot-path for the reasons aforesaid;

"That the residence of plaintiff on the date aforesaid was situated near the railroad track of defendant at a point beyond where said trestle was located, that is, so that said trestle was located at a point on said track between said logging camp and the residence of plaintiff; that plaintiff's intestate was on the evening of said date present at or near said logging camp of defendant and, shortly after dark started from said camp along said railroad track and across said trestle in the direction of said residence of plaintiff for the purpose of passing the night at plaintiff's house, and for the reasons aforesaid it was then and there necessary that plaintiff's intestate should use defendant's track and trestle as a foot-path; that the defendant, through its agents and servants, was at the same time running and operating its train consisting of ten or more cars of the kind used for the transportation of saw-logs, but at the time not loaded, from the direction of its said lumber mill toward its said logging camp; that said train was being propelled backward by a steam engine attached to the rear thereof and without any light at the front end of said train or any other precaution for the purpose of warning persons so using said track as a foot-path as aforesaid of the approach thereof; and that as said track approaches said trestle from the direction in which said train was coming there is, and there was, a sharp curve which prevented a person on or near said trestle from realizing the near approach of cars propelled in the manner aforesaid; and that it was the duty of the defendant under the circumstances aforesaid so to operate its said train at, near and over the trestle aforesaid as to exercise reasonable precaution and prudence to avoid injuring plaintiff's intestate, who was then and there using said track and trestle of the defendant as a foot-path for the reason aforesaid;

"Yet the defendant, wholly disregarding its duty in that respect, did so negligently, carelessly and without due precaution for the rights of others, including plaintiff's intestate, then and there run and operate its said train of cars, through its servants in charge thereof, at the time and place aforesaid, and especially over that portion of defendant's said track at and near the trestle aforesaid, that by reason of such careless and negligent operation the said train without warning then and there at or near the trestle aforesaid ran upon, against and over plaintiff's intestate, the said Walter L. Carter, while so walking upon said trestle or track as aforesaid, and so wounded, bruised and crushed said intestate that he shortly died as a result thereof, without having regained consciousness from the time of said injury until his death.

"Plaintiff further alleges that his said intestate, Walter L. Carter, left him surviving neither widow, nor child, nor any person dependent upon him for support; that plaintiff was duly appointed administrator of the estate of said Walter L. Carter, deceased, on the 30th day of June, 1920, by the County Judge of Sumter County aforesaid, in which county said deceased had his domicile at the time of his death; that at the time of his death said intestate was the owner of a homestead and engaged in its care and cultivation as well as devoting a part of his time to other gainful occupations, the continuance of which would have benefited his estate; and that by virtue of the premises a cause of action against the defendant has accrued to the plaintiff, as such administrator, to recover damages, as by statute provided, for the negligent and wrongful killing of his intestate as hereinbefore alleged.

"Wherefore, plaintiff, as administrator as aforesaid,

brings this suit and claims ten thousand dollars ($10,000) damages.''

A demurrer to the declaration was sustained and the plaintiff ''having announced his election to stand upon the second amended declaration and not to amend further,'' final judgment for the defendant on the demurrer was rendered and the plaintiff took writ of error.

Actionable negligence arises where injury to one person is proximately caused by the failure of another to exercise such reasonable care and diligence as should have been exercised under the circumstances in view of the relation of the parties to each other at the time, and the complaining party is not guilty of such contributory negligence as bars recovery under the law applicable to the case. The use of a dangerous agency requires the exercise of care commensurate with the nature and uses of the agency and the conditions and circumstances under which it is operated or utilized.

In an action for a negligent injury, it may be necessary only to allege ultimate facts showing the relation of the parties and the circumstances out of which the duty to avoid negligence arises and the act or omission that proximately caused the injury, coupled with a statement that such negligent act was negligently done or omitted.

An ordinary log or tram road operated by a lumber company solely in transporting logs from the forest to a saw mill, is not within the provisions of the statute prescribing the liability of railroad companies for damage done to persons or property by the operation of trains. Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552; Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 South. Rep. 904; Stearns & Culver Lumber Co. v.

Fowler, 58 Fla. 362, 50 South. Rep. 680; Prairie Pebble Phosphate Co. v. Taylor, 64 Fla. 403, 60 South. Rep. 114; Grace v. Geneva Lumber Co., 71 Fla. 31, 70 South. Rep. 774.

At common law contributory negligence bars a recovery of damages for a negligent injury; and this rule has not been changed by statute except as to railroad companies and in favor of employees engaged in certain hazardous employments not including sawmill operations. Secs. 4964, 4965, 4966, 4971, 4972, 4973, Rev. Gen. Stats. 1920; Ingram-Dekle Lumber Co. v. Geiger, *supra.*

Contributory negligence being an affirmative defense, need not be negatived by the plaintiff; but if substantial contributory negligence appears in the case made by the plaintiff, he cannot recover in cases controlled by the common law. Ingram-Dekle Lumber Co. v. Geiger, *supra;* Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Louisville & N. R. Co. v. Yniestra, 21 Fla. 700; Louisville &. N. R. Co. v. Yarborough 61 Fla. 307, 54 South. Rep. 462; Wauchula Mfg. & Timber Co. v. Jackson, 70 Fla. 596, 70 South. Rep. 599; 29 Fla. 581; 73 Fla. 1155; 84 So. 733; 30 Florida 1.

If the decedent could have maintained the action for injury to him, had he survived the injury, the plaintiff administrator has a right of action. Secs. 4960, 4961, 4963, Rev. Gen. Stats. 1920; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Bowden v. Jacksonville Electric Co., 51 Fla. 152, 41 South. Rep. 400; Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 South. Rep. 504.

While the log train of the defendant is not a railroad, it is operated by rolling stock, motive power and road bed

utilities similar to railroads, and care commensurate with the dangers incident to its operation is required by law of those engaged in its operation, the principle of *respondeat superior* being applicable as in other cases.

It is alleged that the defendant's log road track on a trestle where decedent was killed "had been for many months used as a foot path as a way of necessity by the people of that vicinity, of whom decedent was one, and that the defendant well knew, or by the exercise of reasonable prudence and diligence should have known, of such necessity and of such use of its said truck and trestle as a foot-path by the public," and that as defendant's "said track approaches said trestle from the direction in which said train was coming there is, and then was, a sharp curve which prevented a person on or near said trestle from realizing the near approach of cars;" that after dark a log train consisting of ten or more unloaded log cars and engine was being propelled backward by a steam engine attached to the rear "without any light at the front end of said train or any other precaution for the purpose of warning persons so using said track as a foot-path as aforesaid of the approach thereof" and that while decedent was walking over the trestle, the defendant's said log train was without warning negligently and carelessly run upon, against and over decedent killing him. These allegations with others that are admitted by the demurrer show a want of reasonable care and diligence in the operation of the log train under the circumstances, and the allegations do not show contributory negligence, therefore, a cause of action is stated even if the decedent was technically merely a licensee. The demurrer to the declaration should have been overruled. In the Yniestra case contributory negligence appeared in the evidence.

The facts there were quite different from those alleged in this case.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.