JOHNSTON PAPER CO. v. GLOBE REGISTER CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3005. Decided May 16, 1927.

17. ACCORD AND SATISFACTION— Where facts as to settlement are in dispute, question of accord and satisfaction is properly left to determination of jury.

480. EVIDENCE — Letters which have bearing on question of whether or not there was a final settlement between parties, are properly admitted in evidence.

225. CHARGE OF COURT—Where parts of charge, standing alone, would be objectionable, charge should be considered as a whole and judgment not reversed when it is manifest that men of ordinary intelligence would not be misled in performance of duties as jurors.

Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion

BUCHWALTER, J.

The Register Company brought an action against the Paper Company, claiming that it purchased a quantity of paper stock under an implied warranty that it was reasonably fit for its purposes. The parties will be hereinafter

referred to as plaintiff and defendant as they appeared in the trial court. It is further averred that plaintiff discovered imperfections, which rendered the paper unfit, but the plaintiff had paid for a certain portion of the paper prior to this discovery, and later paid for the balance of the paper, relying upon the assurance of defendant that payment in full by plaintiff would not affect any adjustment or allowances, to which plaintiff might be found entitled.

Plaintiff further claims that defendant admitted that the paper was not merchantable, and agreed to order cars and return it to the mill. That defendant did remove said paper and requested plaintiff to bill and charge defendant at the price per pound originally charged the plaintiff. Plaintiff then charged defendant with the original invoice price of said paper in the amount of $11,459.20, that plaintiff later purchased some paper, and that the defendant then paid plaintiff $8,438.71 on account, leaving a balance due of $2,493.10, for which, with interest, judgment is asked.

Defendant admitted the purchase of paper by plaintiff, admits it knew the purpose for which the paper was to be used, and that plaintiff made complaint as to part of it, admits it paid plaintiff $8,438.71, and sold plaintiff some additional paper, but claims that this was a part of the paper originally purchased by plaintiff. Defendant further alleges that the defects of which plaintiff complained, could be corrected by examination and rewinding of the rolls, that it was impracticable to inspect the paper unless it was returned to the mill, and that plaintiff was to receive back all paper, which, when rewound, was in proper condition.

That the paper was sent to the mill, rewound, and about 24,000 pounds of it was then in proper condition, and plaintiff was notified that it was held subject to plaintiff's order.

Plaintiff then demanded reduction in price, which was allowed. Some of the paper was delivered to plaintiff. The balance of the paper was held and is still held at the mill, subject to the plaintiff's order, amounting at the reduced price to $2,493.10, but the plaintiff has refused and now refuses to accept the same.

The defendant tendered said paper to plaintiff and also a check for $8,050.85, in settlement of all controversies. That plaintiff demanded $8,438.71 which defendant then sent by check to plaintiff in full satisfaction and compromise of all claims, and tendered the said rolls of paper.

Defendant avers that by the acceptance and cashing of the check by plaintiff, all claims were compromised and settled.

Upon trial, the jury returned a verdict for the plaintiff in the amount claimed with interest, and judgment was entered thereon. Plaintiff in error, who is defendant below, now brings these proceedings to reverse that judgment, claiming that the verdict was against the weight of the evidence, that the court erred in overruling defendant's motion for a directed verdict; that the court erred in the admission of evidence; and that there was error in the general charge.

From our examination of the record we do not find that the verdict and judgment are manifestly against the weight of the evidence.

Defendant, now plaintiff in error, contends the acceptance and use of the check for $8,438.71 was an accord and satisfaction as a matter of law and that the Court therefore erred in the refusal to direct a verdict.

The facts herein as to the settlement were in dispute, and the question of accord and satisfaction was properly left to the determination of the jury.

Certain letters were introduced in evidence, being the correspondence between the parties after the receipt by plaintiff of the check. It is contended by plaintiff in error that this correspondence was improperly admitted.

These letters do have a bearing on the question of whether or not there was a final settlement between the parties, as claimed by the defendant. The correspondence includes both the letters of plaintiff and defendant, and tends to bear out plaintiff's contention that there was no accord and satisfaction but that the controversy was unsettled.

Several errors are claimed in the general charge on the subject of settlement, burden of proof, and implied warranty, and also that the court failed to charge that plaintiff's actions might show that there was an acceptance of the settlement.

Parts of the charge are selected, which, standing alone, would be objectionable. But, taking the charge as a whole, we consider that the court properly stated the issues and the law applicable thereto. As was stated by Judge Johnson in the case of Fairchild v. Lake Shore Electric Railway Co., 101 OS. 261 "Over-nive verbal distinction, which close analysis may discover, should not be resorted to by reviewing court in the examination of the work of trial court, when it is manifest that men of ordinary intelligence would not be misled in the performance of their duties as jurors."

Judgment affirmed.

(Hamilton, PJ., and Cushing, J., concur).

Attorneys—C. A. J. Walker and Oliver G. Bailey for Paper Co.; Waite, Schindel & Bayless and Herbert Shaffer for Register Co.; all of Cincinnati.