FRUIT GROWERS EXPRESS COMPANY, *Plaintiff in Error*, v. E. D. NORTON, *Defendant in Error*.

Division A.

Opinion Filed March 9, 1928.

*Marks, Marks & Holt,* for Plaintiff in Error;

*Roswell King* and *Evan Evans,* for Defendant in Error.

ELLIS, C. J.—E. D. Norton recovered judgment against the Fruit Growers Express Company in the sum of five thousand five hundred dollars in an action for personal injuries. The company brought writ of error.

The declaration alleged that the plaintiff, Norton, was employed by the defendant as a car repairer; that the defendant was engaged in railroading; that while the plaintiff was engaged in the performance of his duties the defendant negligently allowed a door of a railroad car to fall on the plaintiff causing the injury of which complaint was made. In a second count it is alleged that two employes of the defendant, acting in the course of their employment, allowed the door of the railroad car to fall on the plaintiff.

The pleas interposed were not guilty; that the defendant was not engaged in railroading; that the accident was the result of the negligence of fellow servants of the plaintiff; assumption of risk, and contributory negligence.

If the defendant was not engaged in railroading in this State the verdict and judgment were erroneous, because the evidence abundantly shows that the accident was the result of the negligence, if any, of fellow servants of the plaintiff; that the latter assumed the risks of his employment and by his own negligence contributed to his injury.

The injury is alleged to have occurred near Jacksonville in September, 1924, at or about the defendant's shops near that city.

When the accident occurred the defendant had no direct dealings with the shipping public. It issued no bills of lading, waybills or shipping documents of any kind to shippers. It collected no freight or any other charges from shippers, direct or from consignees. Its business was solely the furnishing of refrigerator service to common carriers under contracts therefor. Its compensation was paid to it directly by the railroad companies to which it offered its cars and service and such compensation was not contingent upon the collection by railroads of freight charges from shippers using such cars. When the refrigerator cars of the defendant company are damaged they are sent into the defendant's shops for repair. The defendant company has nothing to do in any manner with assigning cars to particular shippers; it directs the distribution of its cars to common carriers which require them but has nothing to do with the destination of the cars nor does it have anything to do with them after they are loaded only to know the route so that it can "protect the movement of the car which is reported by the railroad." When the defendant furnishes its cars to a railroad company the latter controls them and may ship them to any destination named by the shipper. The company merely furnished railroads refrigeration service, which consists of a service for "shipping movement under ice," and for which the carrier pays the "car lines" such refrigeration charges as prescribed by the tariff authorized by the Interstate Commerce Commission. The defendant has no control over the motive power that moves the cars after they are in a train. The railroad companies furnish the motive power. The defendant has no control over the cars when in train, cannot divert them or keep them moving. The defendant does not pay the carrier for hauling the cars. The defendant has about twenty-three thousand cars that it owns or controls. The

cars are used only under the provisions of the contract which it has wi'h the respective carriers.

We have examined the two documents referred to in the bill of exceptions as defendant's Exhibits 2 and 1 and which are contracts with the Atlantic Coast Line Railroad Company relating to the use of the defendant's refrigeration cars and we find nothing in them from which it can be inferred that the defendant is engaged in "railroading in this State," within the meaning of the hazardous occupation Act. Section 4971, Revised General Statutes.

The defendant is not a railroad company nor engaged in railroading. See Gulf, F. & A. R. Co. v. King, 73 Fla. 325, 74 South. Rep. 475.

The company merely builds vehicles or cars of certain types suitable for refrigeration and furnishes the service to corporations engaged in railroading.

In the case of Arnold Lumber Co. v. Carter, 91 Fla. 548, 108 South. Rep. 815, in an opinion by Mr. Justice STRUM, it was held that a sawmill company operating as an incident to its business an ordinary log road or tram road for the sole purpose of transporting logs from the forest to the mills is not a railroad company within the provisions of 'Section 4964, 4965 and 4966, Revised General Statutes. The presumption of negligence in an action to recover for injuries caused by the running of trains over the log road does not apply and recovery must be had under the rule that the burden of proving negligence is upon him who alleges it. See Carter v. J. Ray Arnold Lumber Co., 83 Fla. 470, 91 South. Rep. 893.

The citation of authorities which in semi-analogous cases the courts have held certain occupations, such as sawmills operating tram roads or construction companies using tracks and steam trains, not to be "railroading" within the meaning of such legislative Acts is of little or no value except to show that the trend of opinion is toward that

construction of the word "railroading" which links it to the occupation of a common carrier engaged in the business of transporting persons and goods for hire and which have the charter powers and are charged with the burden of providing for the safety of persons who become passengers on their trains.

We are of the opinion that the plaintiff in error in this case was not engaged in railroading in this State and that the action therefore is not controlled by the provisions of Section 4971 *et seq.*, Revised General Statutes. The trial court should have directed a verdict for the defendant under the second plea at the conclusion of the plaintiff's evidence in accordance with the defendant's motion, the overruling of which is the basis of the eighth assignment of error.

Judgment reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.