## MENK BROS WET WASH COMPANY v McDONALD

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11348. Decided April 20, 1931

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

Merrick & Quinn, Cleveland, for Menk Bros. Co.

W. F. Marsteller and J. R. Kistner, Cleveland, for McDonald.

**MONTGOMERY, J.**

The specifications of error relied upon are:

First: Error in the court's charge and in the court's ruling.

Second: That plaintiff below was guilty of contributory negligence as a matter of law and should have been nonsuited.

Third: That the verdict is against the weight of the evidence, and

Fourth: That the verdict was excessive, and prompted by passion and prejudice.

Taking these specifications of error in the order named, attention is called first to the charge of the court, and the chief specification of error in that connection seems to be that in one paragraph of his charge the court charged the jury too strongly upon the duty of the driver of a motor vehicle as to the care required of him in its operation.

This portion of the charge does seem to place a high duty upon the driver of an automobile, but taken in connection with the other parts of the charge, we do not believe that it constituted prejudicial error.

The charge of the court should be considered as a whole and not in separate parts.

**Curry v Cincinnati, 12 C C 736.**

**Ohio and Indiana Torpedo Company v Fishburn, 61 Oh St 608.**

And the whole charge will be considered in order to determine whether a single proposition in the charge of the court to the jury is erroneous, and judgment will not be reversed if it is apparent that the jury probably was not misled.

**Railway Company v Shannon, 4 C C 449.**

It will be observed in the instant case that the court charged the jury: "It is the law of Ohio that one who violates a statute of our state enacted as a police regulation for the safety of the public, and thereby proximately and directly causing injury to another for whose protection the statute is enacted, is guilty of negligence, unless the negligence on the part of the person injured directly contributed to bring about his injury. Such violation of the statute, in the event there was one, must have been the sole and direct and proximate cause of the injuries sustained before the person who was injured could recover."

This charge of the court is so broad as to more than counteract any objection which could have been raised to the error specified as to the duty of the driver of a motor vehicle.

Again it is charged that the court erred in directing specific attention to §12603 GC and it is claimed that the court should not so have directed specific attention to this statute, because the defendant in error had not pleaded a violation. However, the first specification of negligence in plaintiff's petition is almost in the exact language of this section of the code, although reference to the section is not made. In view of that fact, we do not see that the plaintiff in error can complain of the court's charge upon that proposition.

Again objection was raised by plaintiff in error to what he terms objections on the part of the court and unwarranted statements on the part of the court in the progress of the examination of a witness. The record shows that no exception was taken by counsel for plaintiff in error to the action upon the part of the court, and instead of an objection being taken, the record shows that after the court made the statement, counsel for plaintiff in error simply stated: "Oh, I beg pardon."

The answer of the defendant below did not plead contributory negligence, but there was some evidence offered on its part tending to sustain the claim of contributory negligence. However, the evidence did not show such a state of facts as to make the plaintiff below guilty of contributory negligence as a matter of law, and the court

was right in its refusal to direct a verdict upon that ground. The question of the negligence of the defendant below and the question of the contributory negligence of the plaintiff below were under the evidence both questions for the jury, and the court properly charged the jury, as we view it, upon both of these issues.

Furthermore there was sufficient evidence offered to justify a verdict on behalf of the plaintiff below and this court cannot say and does not feel that the verdict was manifestly against the weight of the evidence.

Coming now to the last specification of error, the alleged excessive amount of the verdict, we fail to find in the evidence anything to justify a claim of passion or prejudice on the part of the jury. The record shows that this plaintiff below was severely injured; in fact, that all parts of his body were bruised and black; that one limb was very seriously affected; and that his spine was injured.

It appears furthermore that his occupation was that of a builder and contractor, and there is evidence to the effect that since this injury he has been unable to carry on his occupation in his usual way; that he cannot climb over and about buildings; that he still has trouble with his limbs, and that he is as a result of this accident subject to dizziness and vertigo. We are unwilling to say that Eight Thousand Dollars is an excessive amount for damages sustained by a man so injured, whose occupation is that of this defendant in error, and who is necessarily handicapped and will be handicapped for the rest of his active life in pursuing his usual vocation.

We find no error in this record prejudicial to the plaintiff in error and the judgment of the Court of Common Pleas is therefore affirmed and this cause is remanded to that court for execution. Exceptions may be noted.

SHERICK, PJ and LEMERT, J, concur.