**SPRINGFIELD GAS CO v HERMAN**

Ohio Appeals, 2nd Dist, Clark Co

No 317. Decided May 10, 1933

Martin & Corry, Springfield, for plaintiff in error.

Zimmerman, Zimmerman & Zimmerman, Springfield, for defendant in error.

OPINION

By HORNBECK, PJ.

We have read the record in this case with care and are cognizant of the respective theories of the parties concerning the cause of the explosion which wrecked plaintiff's house. These theories were distinctly different and both had strong support by expert testimony of witnesses. It is unfortunate but true that experts, like the rest of mankind, may take a given set of facts and draw absolutely divergent conclusions therefrom. It thus becomes necessary for some tribunal to make determination of the correctness of these opposite conclusions. That is the purpose of a jury. The jury in this case evidently, by its verdict, resolved the basic facts in favor of the theory of the plaintiff and determined that it was probable that gas had escaped from the Sycamore Street main of defendant company into the ground about it and percolated through the earth and was carried to the basement of the dwelling on the premises of the plaintiff. The jury must have found, from its verdict, that the defendant company could, by the exercise of ordinary care, have known of the faulty condition of its pipes in time to have repaired the pipes before the explosion and thus prevented it. There is ample proof in this record, granting to the plaintiff's witnesses that credibility which the jury had full right to accord to their statements, to support the verdict. And we might say in

passing that the verdict could likewise have been supported had it been returned for the defendant.

Taking then the other grounds in reverse order, we consider the fourth ground, namely, error by the court in taking the testimony of Mr. Abbott, manager of defendant company. The questions and answers of Mr. Herman, husband of plaintiff, appearing in the record, relates to conversation had between Mr. Abbott and Mr. Herman on the day following the explosion at the site of the explosion. The sum and substance of the testimony of Mr. Herman admitted is that there was discussion respecting the explosion. Mr. Herman showed Mr. Abbott one of the pipes which had been taken from a line of the gas company in proximity to the property of plaintiff, suggesting that Mr. Abbott send a contractor down and a statement that the contractor was sent down to the premises. There is no showing whatever, of any offer to settle. We do not find that the testimony admitted is offensive to the rule against the admissibility of offers of compromise.

The third ground of error tests the correctness of the ruling and action of the trial court in admitting certain testimony relating to a prior explosion at the property where the explosion in controversy occurred and thereafter permitting counsel to withdraw all the testimony and instructing the jury to disregard it. It must be presumed that the jury observed the special admonition of the court when the testimony was withdrawn from its consideration and that it followed the general instructions of the court wherein it would have no right whatsoever to give any attention or weight to the testimony which had been stricken from the record. Without determining the admissibility or non-admissibility of this testimony, we cannot say that the action of the trial court resulted in prejudice to the defendant. There is nothing in the fact elicited upon the one question answered or the conduct of counsel incident to the withdrawal of the testimony which brings this case within the law of the Hayes case, 62 **Oh St, 161.**

The second ground of error asserted is that the following portion of the general charge was incorrect:

"You are instructed that it was the duty of the Gas Company, in the laying and maintaining of its mains through the streets, to use reasonable care so that the same would not leak, and to use reasonable care to keep the same in repair and free

from leakage after the same were laid. While in use for the purposes intended, if it had knowledge that gas was escaping from its pipes, at a place where the escaping gas might result in an explosion or cause damage to the plaintiff, or if, in the exercise of ordinary care it should have known that said gas was escaping through the pipes of the Gas Company, it was the duty of the Gas Company to promptly and properly make repairs, in such a manner as to prevent the gas from so escaping."

That portion of the charge which permitted the jury to bind the defendant by constructive knowledge of escaping gas from its pipes is objected to. It is the claim of defendant that before it is bound on the element of knowledge, it must appear that it had actual knowledge of defects in its pipes permitting a leakage or notice of facts and circumstances which are the legal equivalent of such knowledge. Northwestern Ohio Gas Company v Church, is cited by both parties. We believe that the charge as given comes within the spirit of the cited case.

The negligence plead against the defendant is that it permitted its pipes in its main line to become in bad repair and rusted, rotten and incapable of controlling and retaining the gas contained therein along said Sycamore and East Columbus Streets and knew, or by the exercise of ordinary care should have known, the unsafe condition of said pipes. It will be noted that there is no charge of knowledge of leakage or express notice of escaping gas but that the company knew or should have known the unsafe condition of its pipes.

It is the obligation of the defendant company to maintain its lines in a good state of repair and to make necessary and timely inspection thereof. It is required to exercise ordinary care to determine if its mains are in such condition as to prevent the leakage of gas. It is not necessary that it know that gas is escaping or that it be notified of conditions that indicate to it that gas is escaping. It is sufficient, if in the exercise of ordinary care, it should have known that its pipes were in such condition that gas would escape therefrom. The charge as given is substantially in accord with the principle laid down in Northwestern Ohio Gas Company v Church, supra. The duty of the defendant in this case is measured by its responsibility to keep its own main lines in proper repair. This is not a case where the explosion may be at-

tributed to a leak in a service line on private property.

In a leading case, Dow v Winnipesaukee Gas & Electric Company (N.H.) 42 L.R.A., it is said in the first syllabus:

"One who acquires and operates the property of a gas company is liable for damages caused by the escape from a leaky pipe of gas, which entered a greenhouse, and injured or destroyed plants, although without notice of the defective condition of the pipe, or that gas was escaping from it, unless he exercised proper care under the circumstances to guard against such injury."

The court in the opinion by Blodgett, Judge, says:

"When they acquired title to the pipe they (the defendants) immediately became chargeable * * * with the personal duty or obligation cast upon them by the law to keep it in a reasonably safe condition and so use it as not unnecessarily to injure the property or endanger the safety of the plaintiff or others, and, if they failed to do so, the law properly renders them liable for the consequences in the same manner and to the same extent as if they had laid pipe themselves."

"Nor can the defendants protect themselves from liability for injury to the plaintiff's plants until after notice merely on the ground that they did not in fact know the pipe was defective, or that gas was escaping from it into his greenhouse. They were bound to guard against both of these things by exercising the proper care required under the circumstances, and, unless they did exercise such care, they are responsible for any resulting injury, irrespective of notice. In other words, the question of the defendant's liability is not dependent upon their knowledge of the pipe's defective condition or the escaping gas, but upon the observance or neglect of care by them." (Citing Monroe v Connecticut River Lumber Co., 39 Atl. 1019; Garland v Towne, 55 N. H. 55; Cooley, Torts, p. 570).

We do not find support for the charge as given in the case cited by both parties, Ferry, Assignee v Newark Natural Gas & Fuel Co., 6 OLR, 163. In this case constructive knowledge was not involved. Plaintiff's cause of action was based on the claim of improper repairs to the pipes in a line of the gas company and upon express notice to the company of the condition of the line. Although The St. Marys Gas Co. v Brodbeck, Admr., 114 Oh St, 423, is not direct

authority for any proposition presented in the instant case and the court there stated through Chief Justice Marshall at page 343 of the opinion, that:

"The gas company was not an insurer of the safety of the pipes or the meter under any and all circumstances, but was only obliged to exercise due care to install standard and suitable pipes and appliances, and to renew them when the same might be old enough to become unsafe."

But further commenting the court said and we believe that this is an interesting side-light upon the law as viewed by the author of the opinion:

"Neither the premises nor the appliances and instrumentalities were under the exclusive control of the gas company, and, without some showing of knowledge of a defective condition, or of facts reasonably calculated to put the gas company upon inquiry, the exercise of due care does not require frequent inspections of premises where natural gas is consumed."

In an annotation to McClure v Hoopestown Gas & Electric Co., 25 A.L.R., at page 267, the annotator, under the heading: "Duty of Inspection," determines that the cases cited support the proposition that:

"A gas company not only must see that its pipes and fittings are of such material and workmanship, and are laid in the ground with such skill and care, that gas will not escape therefrom when new, but it must maintain such a system of inspection as will insure reasonable promptness in the detection of leaks that may occur from the deterioration of the material of the pipes, or from any other cause within the circumspection of men of ordinary skill in the business; and a failure to take such precaution is negligence."

Cases from many states of the Union and England are cited, among which is Salem v Salem Gaslight Co., 241 Mass., 135 NE 573, in which the court expressly held that an inspection of gas mains, once in ten years, was insufficient to relieve the gas company of a charge of failing to make a proper inspection of its mains. A case wherein some of the facts were similar to the instant case is that of Siebrecht v East River Gas Co., 47 N. Y. S., 262. The pipe under consideration had been constructed eight or ten years, was laid under the street car track and so was subject to electrolysis. It was held that where it appeared that the pipes became out of repair near the plaintiff's premises and gas escaped under frozen ground to the plaintiff's greenhouse, it was a question for the jury if the defendant was negligent in failing to make proper inspection of its pipes. The annotated case heretofore cited is supplemented in 47 A.L.R. 489; 28 C.J., 594, says:

"Notice of knowledge will be presumed where the circumstances are such that the company, by the exercise of proper and reasonable diligence, might have known of the defect which caused the damage complained of."

And in 19 O. Jur., 1110:

"Where gas escapes from the company's mains, notice of a defective condition is not necesasry, for the company is held to the degree of ordinary care in maintaining its pipes in a reasonably safe condition. If, in the exercise of such care, knowledge of the defective condition can be obtained, actual notice is not necessary." (Citing Portsmouth Gas Co. v Maddox, 8 Abs 514).

In Louisville Gas Co. v Guelat (Ky.) 42 L.R.A. (N.S.), 703, the court, in discussing the duty of a gas company, after stating that it is not the obligation of the company to keep up constant inspection along its lines without reference to the existence or non-existence of probable cause for the occurrence of leaks of escaping of gas, cites cases in support thereof. Then continues at 704:

"But in those cases the property owner was a customer of the gas company, and was using the pipes. Only a short time had elapsed. Here the gas company alone was using the pipe, and it was practically a part of its system of mains and pipes. The authorities are uniform in holding that it is incumbent on it to use ordinary care in inspecting its mains, and that the failure to inspect at reasonable intervals is evidence of negligence. Here there had been no inspection from August to April, and it was a question for the jury whether ordinary care had been used." (Citing 14 Am. & Eng. Enc. Law, 937; 2 Lawson, Rights, Remedies & Practice, Paragraph 577; 20 Cyc. 1172-1174).

In Hartman v Citizens' Natural Gas Co. (Pa.) 59 Atl., 315, it is stated in the third proposition of the syllabus:

"The degree of care required of a natural gas company is such as to render it liable for an explosion, where it knew, or could have known, by ordinary care, of the defects in its pipes."

To like effect see Koelsch v Philadelphia Co. (Pa.), 18 L.R.A. 759; Consumers' Gas Trust Co. v Corbaley (Ind.), 43 NE 237; Morgan v United Gas Improvement Co. (Pa.) 63 At. 418.

In the instant case there was evidence tending to show that the pipes had not been inspected for ten years at or near the place where, upon plaintiff's theory of the case, the gas escaped which caused the explosion. If the jury found that the pipes were in such condition as plaintiff's witnesses testified, and as shown in part by the pipe offered in evidence, it may well have found that there would be much leakage from the pipes even at low pressure and that the condition was such as could have been discovered and corrected by reasonable and timely inspection. The defendant company offered no testimony to refute that of the plaintiff respecting the period of time during which there had been no inspection of the pipes.

The first claim asserted in the brief of plaintiff in error is that the court erred in its general charge in fixing the burden of proof upon the defendant as to the sole negligence of plaintiff. The court used language in two places in the general charge which exemplifies the claim of error respecting the burden of proof, as follows:

"The burden of establishing, by a preponderance of all the evidence, the fact that plaintiff was guilty of any contributory or sole negligence,* * * as those terms will later be defined to you, * * * at the time and place alleged in the pleadings is upon the defendant with this exception, that if plaintiff's own evidence raises a presumption or inference by evidence of at least equal weight, before she can recover against the defendant."

And later in the charge:
"Negligence is never presumed, and the burden of showing it, including contributory negligence, or sole negligence, rests upon the one who alleges it, with the one exception which I have already indicated to you."

Insofar as this charge is directed to the burden of proof as relates to the sole negligence of plaintiff, it is erroneous. Hanna v Stoll, 112 Oh St, 344; Montanari v Haworth, 108 Oh St 8.

The charge as to the burden of proof to show the negligence of the defendant and as to the burden of proof respecting contributory negligence of plaintiff was correct. Our attention is called to the rule that error in the charge as to burden of proof is prejudicial. McNutt et v Kaufman, 26 Oh St, 127; The List & Son Company v Chase, 80 Oh St, 42; The Newman Mfg. Co. v Fisler, 81 Oh St, 499.

It is the claim of plaintiff in error that the law is well established that where the charge as given contains correct and incorrect instructions upon the same subject matter it constitutes prejudicial error because the jury is unable to make determination which rule is correct and cites Pendleton Street R. R. Co. v Stallman et, 22 Oh St, page 1; Pittsburgh Railway Company v Krouse, 30 Oh St, 232; Himmelright v Johnson, 40 Oh St, 40; C. H. & D. Railway Company v Frye, 80 Oh St, 289.

Counsel for plaintiff admits that the general charge is incorrect, insofar as it placed the burden of proof as to the sole negligence of the plaintiff upon the defendant, but urges that substantial justice has been done; that the proof is so overwhelming against the claim of sole negligence of plaintiff that the incorrect part of the charge could have no application; that the whole charge must be considered and upon such consideration it is apparent that the jury was not mislead. In support of the position of plaintiff our attention is directed to Johnson Paper Co. v Globe Register Co., 5 Abs 598; Cincinnati Traction Co. v Dannenfelser, 3 Oh Ap, 220; Taylor, Admr., v Ry Co. 29 O.C.A., 401; Columbus, etc., Railroad Co. v Shannon, 4 C.C., 449; Oyler v Stokes et, 16 Oh Ap, 427; Houston v Schrieber, 34 Oh Ap, 244; Menk Bros. Wet Wash Co. v McDonald, 11 Abs 40.

We have examined these cases and are familiar with the rules therein enunciated. Every case rests upon its own facts. In the instant case the jury returned a general verdict for the plaintiff and against the defendant. The court announced the correct rule to guide the jury respecting the negligence of the defendant and the contributory negligence of plaintiff. It erred respecting the burden of proof as to the sole negligence of plaintiff, proximately causing the damage. Upon the facts presented and upon a correct enunciation of the law, the jury determined that the de-

fendant was negligent, and that the plaintiff was not contributorily negligent. The defendant plead the specific act of plaintiff which it claimed constituted contributory negligence on her part, namely; that she left the burners on her gas stove open, permitting the gas to escape therefrom. One witness testified to facts which, if true, supported the claim of defendant. This was the only testimony in the record which could connect the plaintiff with any negligence whatever. The company, having characterized this action of the plaintiff as contributory negligence and the jury having found, under proper charge, that it was not sustained by proof, how could the defendant have been prejudiced by the improper portion of the charge?

We are of opinion that the finding of the jury precludes any possibility that, it would have found under a proper charge that the plaintiff's negligence was the sole cause of the explosion. The defendant did not sustain the burden of showing that plaintiff was negligent and that her negligence was the sole cause of the explosion, but the plaintiff did bear the burden under the charge of proving that the defendant was negligent in the manner alleged in the petition.

The negligence with which the defendant company was charged was separate and independent of and had no relation to any negligence with which the plaintiff might have been found chargeable. The verdict determines the negligence of the defendant without relation to any negligence of the plaintiff. If the leaking pipes permitted gas to percolate into the ground and thence into the cellar and it was there ignited, this was the sole cause of the explosion. If the plaintiff left the valves in her kitchen stove open it is claimed this caused the explosion. The jury clearly, by its verdict, has said that by the weight of the evidence the failure of the defendant company to exercise ordinary care brought about the explosion. It is beyond any probability that gas escaping from the kitchen stove and gas escaping into the cellar concurrently came in contact with a flame and thus caused the explosion. All of the plaintiff's testimony related to the negligence of the defendant. There was not the slightest suggestion of any negligence, either sole or contributory, coming from any of her witnesses. Upon the introduction of the testimony of the defendant company from one witness there came proof which, if true, disclosed, not that plaintiff was contributorily negligent, but that her negligence, if a causative factor, was the sole cause of the explosion. To assume that the jury upon a proper charge on the burden of proof respecting sole negligence could have found differently on the ultimate question of the negligence of the defendant company under the state of the record and in view of the clean-cut distinction between the issues presented is, in our judgment, inconceivable. The testimony tending to show the negligence of the plaintiff could not in any aspect affect the necessity of factual proof constituting negligence of the defendant. This proof under the charge was required to be made by a preponderance of the evidence. We are of opinion that every intendment to be drawn from the evidence, in this case, independent of the express testimony of Clyde Koontz indicates that the explosion originated in the basement of the house in which plaintiff lived; all the circumstances incident to the explosion tend to support the theory that the force came from the basement and was upward. It is evident that the claim that plaintiff left her kitchen stove valves turned on and gas escaping was so improbable as to merit little or no consideration but, if true, there is nothing to indicate that it was ignited or exploded. That the source of the explosion was in the cellar hardly seems debatable.

If that part of the charge of the court which is erroneous related to a question about which there was any substantial dispute on this record, a reversal would be required, but as it arises on a question about which there seems to be so little difference in probative force as to be negligible, we feel justified in saying the verdict on this issue represents substantial justice.

We are of opinion that to set aside this judgment upon the error respecting the burden of proof on the sole negligence of the plaintiff would operate to permit a technicality to circumvent a judgment which is, upon the material matter in dispute, properly grounded.

Though the charge in the particular complained of was erroneous, it was not prejudicial, and the judgment should not be disturbed. It will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.