A. D. COSSON v. W. B. HARBESON LUMBER CO.

149 So. 581.
Division B.
Opinion Filed July 27, 1933.

*E. C. Maxwell,* for Appellant;

*R. A. McGeachy,* for Appellee.

BUFORD, J.—The writ of error is to a judgment in favor of the plaintiff who is plaintiff in error here for the sum of $5,000.00 for injuries received while plaintiff was working for defendant and in the discharge of his duties in such employment by the overturning of a machine known as a "pea picker" then being used in the construction of defendant's railroad which was a railroad built, maintained and used only for the purpose of transporting defendant's logs from the forests and woods to defendant's sawmill.

Plaintiff contends that by the operation of this railroad by defendant exclusively to transport logs from the for-

ests to its mill, it being a logging road only, the defendant nevertheless, comes within the purview of the statutes prescribing the liability of railroad companies for damages done to persons or property and within the purview of the hazardous occupation statute, Sec. 4964 R. G. S., 7051 C. G. L., 4971 R. G. S., 7058 C. G. L., and 4972 R. G. S., 7059 C. G. L.

This question has been determined adversely to the contention of plaintiff in error in Carter v. J. Ray Arnold Lbr. Co., 83 Fla. 470, 91 Sou. 893, and authorities there cited; Fruit Growers Express Co. v. Norton, 95 Fla. 429, 116 Sou. 234, and authorities there cited.

It appears from the record, however, that the plaintiff did recover a judgment and, therefore, he has no cause to complain of the non-application of the statutes. The effect of the statutes is to allow recovery in cases to which they are applicable where otherwise recovery could not be had.

It is next contended that the amount of the verdict and judgment was inadequate.

The jury if authorized to return a verdict in favor of the plaintiff might have been warranted in allowing him more than $5,000.00, but this was a jury question and the record does not disclose that the jury was influenced against the plaintiff by anything outside the record.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.