150 So.2d 732 (1963)
Samuel FARBER, Appellant,
v.
The HOUSTON CORPORATION, a Florida corporation, Appellee.
No. 62-461.
District Court of Appeal of Florida. Third District.
March 12, 1963.
*733 Kelner & Lewis, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
PER CURIAM.
The plaintiff appeals a final judgment based upon a directed verdict granted to the defendant at the conclusion of the plaintiff's case on liability.
The plaintiff-appellant is the lessee of a portion of a building at the corner of N.E. Second Avenue and 56th Street in Miami, Dade County, Florida. A gas explosion occurred on the premises and the appellant was injured. The store which the appellant occupied did not have a gas service line going into it, but other portions of the building did. In ome manner gas seeped into appellant's place of business and came up into the interior of a bathroom. The appellant entered this room, turning on the light. A spark resulted which ignited the gas that had accumulated in the room, and explosion occurred.
The appellant charged the Houston Gas Corporation with negligence in failing to maintain its gas distribution facilities in a reasonably safe condition. At the trial, the appellant developed the proposition that a leak occurred in the main located in the street, when natural gas caused a drying out of calking in a pipe joint which previously had been used for manufactured gas. A year and a half before the explosion, the appellee corporation had taken over the gas distribution system.
The gist of the defense as developed by its cross-examination of the appellant's witnesses was that upon investigation the gas company found that the leak was under the pavement some six feet from the sidewalk and it was caused by a crack in the pipe. The gas company urged that a leak in such a place, and occasioned by such a cause, was not one which it could have reasonably foreseen.
Natural gas being a dangerous commodity, a distributor of it is required to exercise a degree of care commensurate with the dangerous character of that which he is handling. Carter v. J. Ray Arnold Lumber Co., 83 Fla. 470, 91 So. 893; Manning *734 v. St. Paul Gaslight Co., 129 Minn. 55, 151 N.W. 423, L.R.A. 1915E, 1022 (1915); Springfield Gas Co. v. Herman, 46 Ohio App. 309, 188 N.E. 733; Oklahoma Natural Gas Co. v. Colvert, 260 P.2d 1076 (Okl. 1953). This duty extends not only to its own customers, but also to those members of the public who might be injured thereby.
Inasmuch as the judgment under review is based upon a verdict directed by the court at the conclusion of the appellant's case, the evidence is required to be viewed in a light most favorable to the appellant. A verdict should never be directed unless the evidence is such that no view which the jury may lawfully take of it, favorable to the opposite party, can be sustained under the law. See Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492. Viewing the evidence in the case at bar in the light most favorable to the appellant, we conclude that a jury question is raised as to whether the appellee, as the purveyor of a dangerous commodity, exercised that degree of care commensurate with such known danger.
Aside from the direction of a verdict against him, the appellant also complains of the court's refusal to permit testimony relating to appellee's knowledge of prior gas leaks in its system. We think this testimony was relevant and material to the appellant's attempted establishment of notice or knowledge on the part of the appellee. The dangerous condition was the seepage or leak of gas from appellee's lines and evidence tending to establish knowledge or notice of such condition would certainly be relevant. See Florida Coastal Theatres v. Belflower, 159 Fla. 741, 32 So.2d 738; Loftin v. Dagley, 152 Fla. 831, 13 So.2d 311; cf. Eldorado Club, Inc. v. Graff, 377 P.2d 174 (Nev. 1962); see also 70 A.L.R.2d 167, 26 A.L.R. 2d 136, 195.
Since it was error to direct the verdict, it follows that the judgment entered thereon should be and it is hereby reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.