## PORTSMOUTH GAS CO v MADDOX

Ohio Appeals, 4th Dist, Scioto Co
Decided May 26, 1930

Henry Bannon and S. Anslem Skelton, both of Portsmouth, for Gas Co.

William J. Meyer, Portsmouth, for Maddox.

BLOSSER, J.

The defendant alleges several errors occurring in the trial in the Court of Common Pleas which he claims are prejudicial and sufficient to justify a reversal. It is first claimed that the petition is defective and insufficient in that it does not allege that the gas company had notice of the defective pipes or the escape of gas therefrom; that these allegations are essential and necessary to state a cause of action, and that the demurrer to the petition should have been sustained. We can not agree with this contention. The petition alleges that the defendant had insufficient and defective pipes, as it well knew, and negligently and knowingly permitted its pipe lines to become and remain in bad repair, rotten, rusted and incapable of retaining gas, and that the gas escaped thru the pipes and was clearly noticeable for a long period of time prior to the accident. According to the allegations of the petition the conditions therein alleged were knowingly permitted to exist and had existed for a long time prior to the accident and

were clearly noticeable. So that the defendant not only had actual knowledge but also constructive notice of the conditions that existed at the time of the explosion. We think the petition was sufficient to state a cause of action, and the demurrer was properly overruled by the trial court.

The law as to the liability of a gas company which supplies its patrons thru mains and service pipes seems to be well settled. Where gas escapes from the company's mains notice of a defective condition is not necessary for the company is held to the degree of ordinary care in maintaining its pipes in a reasonably safe condtion.' Another rule, however, applies where · gas escapes from a defective service line on the property of a consumer. In such case the service line is the property of the consumer and is not of the gas company. The gas company in case of a defective service line is only held responsible when it has had notice of the defect and has had an opportunity to shut off the gas or remedy the defect. In the trial below an issue was made on this point and a number of witnesses testified both for the plaintiff and defendant with reference to the matter of notice and knowledge on the part of the gas company. The trial court in its general charge to the jury clearly and properly defined the law with reference to the company's mains and its service pipes and the matter of notice. We think there was no prejudicial error committed by the trial court either in the overruling of the demurrer to the petition or in any of its rulings with reference to the question of notice. **Insurance Co. v. Cookey and Moore, 33 OS. 555, Yocum, Admr. v. Allen, 58 OS. 280.**

The defendant assigns as another ground of error that the verdict is not supported by the evidence. The cistern in question had not been used for a long time prior to the accident. Immediately before the accident it had been cleaned and the water removed therefrom, preparatory to placing a partition wall in the same for the purpose of storing oils. One theory of the defense was that waste oils, gasoline, benzoil and other explosives may have been thrown into the cistern and that these substances exploded and caused the injury. However, this is not supported by the evidence. No one at the trial testified that these substances were in the cistern. In fact, the contrary appears when we consider the evidence that water was pumped from the cistern and it was cleaned immediately before the explosion. There is an abundance of testimony showing that gas was escaping from the pipes of the defendant company at various places near the cistern in question. While the evidence as to the cause of the explosion was not as clear and satisfactory as might be desired, yet it shows that it was more probable that the gas escaping from defendant's pipes found its way thru the soil and into the cistern, and

there exploded and was the cause of plaintiff's injuries, than any theory advanced by the defendant. No theory of the defense was supported by the evidence. For these reasons we can not say that the verdict is not supported by the evidence.

The third assignment of error is that the verdict of the jury is excessive and beyond the damages actually sustained by the plaintiff. The plaintiff's injuries were third degree burns and were severe and painful. It is probable no other injuries cause more excruciating pain than burns. The attending physician stated that the plaintiff's flesh and skin hung in strings from his body. The evidence shows that the plaintiff is marked for life, having not only injuries to his face, ears and eyes, but also to his hands which are permanently disabled. His hands were so severely burned that the free movement of them will never be restored. This accident occurred nearly four years prior to the trial in the Common Pleas Court. The plaintiff appeared before the trial judge and the jury and they had an opprotunity to observe his condition and appearance and all the incidents of the trial. The question of damages was one primarily for the jury. The pain and suffering caused by the burns was so excruciating and severe that different minds and different persons equally honest and competent might arrive at different conclusions as to the amount of money that should be allowed as compensation. All twelve of the jurors sitting in the case signed the verdict. It should not be disturbed unless manifestly wrong. A reviewing court is more reluctant to disturb the verdict of a jury as being excessive than a trial court. A mere difference of opinion between the court and jury as to the amount of damages is not sufficient to warrant an interference with the verdict. The verdict must be so excessive as to plainly show that it is wrong and that it was produced by improper motives to justify such action. **French v. Millard, 2 OS. 45, Railroad Co. v. Miller, 108 OS. 388, Railway Co. v. O'Reilly, 16 OA. 132, 20 R. C. L. 281.** While the verdict might seem large yet we are unable to unanimously say that it is so disproportionate to the injuries sustained that it would be our duty to interfere with the same.

Finding no prejudicial error in the record the judgment is affirmed.

Mauck, J., concurs.

**MIDDLETON, PJ.**

I concur in the affirmance of this judgment except in respect to the amount of damages allowed by the jury. I am persuaded by the evidence that this amount is excessive, being substantially more than any judgment I have ever known to be rendered where the injury did not materially affect the earning capacity of the plaintiff and in which recovery was had within so short a time.