**SKUFCA, Plaintiff, v. EAST OHIO GAS COMPANY, Defendant.**

Municipal Court, Cleveland.

No. 975302. Decided July 17, 1951.

Shuler, Smith & Freer, Leopold Kushlan of Counsel, Cleveland, for plaintiff.

Jones, Day, Cockley & Reavis, Patrick J. Mulligan of Counsel, Cleveland for defendant.

**OPINION**

By DRUCKER, J.

The general principles covering the liability of gas companies for damages caused by escaping gas are well stated in **Volume 19, O. Jur., Page 1108, paragraph 79.**

"Degree of Care.—Inasmuch as it is known that gas is dangerous and that explosions may result from its escape, a gas company must use that degree of care to prevent the escape of gas from its pipes commensurate to the danger which it is its duty to avoid, and it will be liable for any

injury resulting from a failure to exercise this duty. While the gas remains on the premises of the manufacturer, or while it is being conducted through its pipes, the company is bound to exercise vigilance to prevent injury to third persons. A gas company in laying its pipes through and under the streets is under a duty to use reasonable care in the selection of the material used for the purpose of transporting its gas to its consumers, and to use reasonable care to keep the same in repair and free from leakage after being laid. If a gas company carelessly or negligently fails to ascertain the location of a leak and stop it, after having knowledge thereof, it is liable for injury resulting therefrom. But generally, a gas company which does not install the pipes on a customer's premises, and which has no control over them, is not liable for the condition in which they are maintained, and, therefore, will not be liable for injuries resulting from a leak therein, unless he has notice of such defect. The fact that the gas company has the exclusive right to turn on gas at the meter will not make it responsible for the condition of the pipes. If a proper inspection is made by the gas company at the time of turning on the gas, it is not thereafter required to inspect to see that the piping is kept in safe and proper condition. In the absence of any showing of duty in such respect from contract, customer charter, there is no negligence. The exercise of due care does not require frequent inspections by the gas company of the premises where natural gas is consumed, and which are not under the exclusive control of said company. On the contrary, a duty is imposed upon the property owner, in such cases, to exercise constant vigilance in the use of gas and to see that his own appliances are in proper condition. But if, in such cases, the gas company assumed the duty of inspection, it could be held liable, unless contributory negligence was shown."

The same principle is well stated in Cooper v. Tri-State Gas Company, 3 Oh Ap 77 (1914).

"1. A gas company engaged in furnishing natural gas to the inhabitants of a municipality for consumption, by means of lines of pipe laid in the streets and to the curbs thereof, where such pipes are connected with pipes conveying such gas over the premises and into the dwelling houses of consumers thereof, such pipes from the curb into the dwelling houses having been installed and being now maintained and controlled by such property owners and consumers, the same having been properly inspected before gas was turned in, is not thereafter required to inspect the same, nor is there a continuing liability on the part of such company to see

that such piping is kept in safe and proper condition for the transportation of such gas."

In commenting upon the duty of a property owner in respect of gas pipes which are located on his premises, the Court said, at page 86:

"* * * It would seem a very onerous duty to impose upon gas companies, with their lines through the streets of a city, that from time to time, without notice, they should be called upon to inspect the service lines in the dwelling houses and on the premises of the parties who take gas from them, but we do think the duty is imposed upon the property owner in reference to the use of this substance, owing to its somewhat dangerous quality, to exercise constant vigilance in the use of it and to see that their own appliances are in proper condition for the safe use of it. That is the holding, in substance, in the case of Bartlett v. The Boston Gas Light Co., 117 Mass. 533-539."

In the case of Steve Lapotsky v. Thomas G. Chapman of the City of Marion, 10 Ohio Law Review 558, which case incidently was taken to the Circuit Court and a verdict for plaintiff against both defendants was sustained in the April term of 1912, the court carefully reviewed the authorities and stated in very clear language that before plaintiff can recover he must prove by a preponderance of the evidence the negligence of defendant and also prove that any damage which he sustained proximately resulted from that negligence.

However the case of **St. Mary's Gas Co. v. Brodbeck, Admn., 114 Oh St 423 (1926)** still remains one of the leading cases in Ohio in respect to the duties and liabilities of the company engaged in the distribution of gas. The court here very ably discusses the duty of a gas company to inspect pipes on the premises of a consumer.

"* * * The Gas Company was not an insurer of the safety of the pipes or the meter under any and all circumstances, but was only obligated to exercise due care to install standard and suitable pipes and appliances, and to renew them when the same might be old enough to become unsafe. Any other rule would require the premises wherever gas is consumed to be inspected every day and every hour of the day. Neither the premises nor the appliances and instrumentalities were under the exclusive control of the gas company, and, without some showing of knowledge of a defective condition, or of facts reasonably calculated to put the gas company upon inquiry, the exercise of due care does not require frequent inspections of premises where natural gas is consumed. Es-

caping natural gas is a condition which can be as readily detected by the consumer as by the distributing company."

The defendant in order to be held to any liability of leaks or dangers or defective condition of the premises must have had actual notice of the dangerous condition of the equipment owned and controlled by the consumer. The defendant should have knowledge of sufficient facts from which notice could be reasonably inferred. It then would have the legal duty to shut off the gas with reasonable promptness or correct the defective condition. This theory is very effectively expressed in the case of **Portsmouth Gas Company v. Maddox, 8 Abs, 514 (1930) page 515**:

"The law as to the liability of a gas company which supplies its patrons through mains and service pipes seems to be well settled. Where gas escapes from the company's mains notice of a defective condition is not necessary for the company is held to the degree of ordinary care in maintaining its pipes in a reasonably safe condition. Another rule, however, applies where gas escapes from a defective service line on the property of a consumer. In such case the service line is the property of the consumer and is not of the gas company. The Gas Company in case of a defective service line is only held responsible when it has had notice of the defect and has had an opportunity to shut off the gas or remedy the defect."

In the case of Smith v. Pawtucket Gas Company, 24 R. I. 292, 52 Atlantic Reporter, 1078, the court held that the failure of a gas company on introducing gas into a dwelling to inspect pipes therein by the owner and over which the company has no control is not negligence, in the absence of any showing of a duty in such respect from contract, custom or charter. The court continues,

"In the absence of any facts upon which to base an inference of duty, a Court cannot infer a general obligation to inspect pipes in a private home, which are not under the control of the company and as to which it has no apparent relation other than the fact that its gas is to be used through pipes placed therein by the owner, as it has suited them to have them."

The law is clear that the owner of property who is renting garage space to tenants can not avoid his legal duty and obligations to maintain said premises in a reasonable safe condition nor can he transfer nor delegate such obligation and duty to others. The court finds as a matter of law that plaintiff was guilty of contributory negligence in failing to use ordinary care in the maintenance of the gas line in

question. There was testimony by a witness called by plaintiff that he had called plaintiff's attention to the odor of gas in and about the garage some time before the explosion took place. (Admittedly plaintiff did nothing about it.) The plaintiff was the owner of the pipes from which the gas supposedly leaked and he admitted that although he had owned the premises for about twelve years he had never inspected the garage or gas lines on his premises. He denied too that he knew there was a gas heater in the garage. The ownership and control of the garage was in the plaintiff. He had the positive legal duty to use ordinary care under the circumstances to maintain the garage and its equipment in a reasonable safe condition. This he failed to do.

The court finds for the defendant and judgment may be entered accordingly.